**PRODUCERS GRAIN CORPORATION,**
Appellant,

v.

**J. D. CARROLL, Jr., Appellee.**
**No. 47931.**

Court of Appeals of Oklahoma,
Division No. 1.

Jan. 13, 1976.

Released for Publication by Order of the
Court of Appeals Feb. 5, 1976.

Dale & Wright by Vincent Dale, Guymon, and Underwood, Wilson, Sutton, Berry, Stein & Johnson by A. W. SoRelle III, Amarillo, Tex., for appellant.

Frank E. Hensely, Guymon, for appellee.

BOX, Judge:

An appeal by Producers Grain Corporation, plaintiff in the trial court, from an order of the District Court of Texas County entering judgment in favor of appellee J. D. Carroll, Jr.

The question presented is whether the statute of limitations applicable to suits on foreign judgments, 12 O.S.1971, § 95 (Second), also governs foreign judgment enforcement proceedings under the Oklahoma Uniform Enforcement of Foreign Judgments Act, 12 O.S.1971, § 719 et seq. We hold that it does not and accordingly reverse the judgment. below in favor of a judgment debtor.

Producers Grain Corporation (Producers) obtained a foreign judgment against J. D. Carroll, Jr. (Carroll) on February 2, 1970. The judgment was subsequently filed with the Clerk for the District Court of Texas County, Oklahoma on September 6, 1973, in accordance with the Uniform Enforcement of Foreign Judgments Act, 12 O.S.1971, § 719 et seq. (hereinafter cited as the Revised Act). In response, Carroll filed a motion to strike the judgment on the ground that it was barred by the statute of limitations applicable to actions on foreign judgments, 12 O.S.1971, § 95 (Second). Thereafter the parties executed and filed written stipulations of fact which, in substance, provided that Carroll was in fact a judgment debtor, that all jurisdictional pre-

requisites (except the one at issue) to perfecting judgment had been followed by Producers, and that the judgment was entitled to be enforced unless enforcement was barred by the delay of more than three years in filing the judgment with the Clerk.

The trial court ruled that a foreign judgment enforcement proceeding under the Act was governed by the three year statute of limitations and consequently, that Producers' right to enforce the judgment was forfeited by its delay in filing. The trial court reasoned as follows:

"It would appear to this Court that it would be inconceivable that a party trying to proceed on a foreign judgment in the State of Oklahoma could elect to proceed by filing an action in this state or proceed under the Oklahoma Uniform Enforcement of Foreign Judgments Act and thus be able to elect the statute of limitations that should apply.

"It is therefore the position of this Court that in either case the three year statute of limitations as set out in Title 12, Section 95, applies, and that therefore, since the plaintiff herein did not proceed to perfect said judgment in the State of Oklahoma within a period of three years after the judgment was taken in the State of Texas, that the same is thereby barred, and judgment is therefore entered for the defendant."

I.

This question has not previously been resolved either in Oklahoma or in any of the other states which have adopted the 1964 revised version of the Act. We think it necessary, therefore, to consider first the legislative history and purpose of the Act.

As the National Conference of Commissioners on Uniform State Laws observed in the prefatory note to the 1964 Revised Act, a uniform act for enforcement of foreign judgments became necessary because of the judicial congestion resulting in large part from the prevailing method of enforc-

ing judgments of other jurisdictions by instituting entirely new lawsuits in the state of enforcement. See 13 Uniform Laws Annotated 171–172 (1975). The original 1948 Act was designed to shorten this time consuming procedure by providing what amounted to a summary judgment procedure for actions on foreign judgments. But because the method of enforcing foreign judgments in federal courts unaccountably remained easier and swifter than the method provided by the 1948 Act, pressure for even more comprehensive changes developed; and the 1964 Revised Act was the outcome. The Revised Act essentially adopts the Federal practice and thereby obviates, in most cases, the necessity for extensive proceedings to enforce the judgment. Merrill, Oklahoma and Uniformity in Law—The 1968 Record and Some Recommended Legislation, 39 OBJ 1953 (1968).

Oklahoma adopted the Revised Act in 1968. The key provision is found at 12 O.S.1971, § 721:

"A copy of any foreign judgment authenticated in accordance with the applicable act of Congress or of the statutes of this state may be filed in the office of the court clerk of any county of this state. *The clerk shall treat the foreign judgment in the same manner as a judgment of the District Court of any county of this state. A judgment so filed has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a District Court of this state and may be enforced or satisfied in like manner.*" (Emphasis ours.)

Under this provision the mere act of filing, in substance, transfers the properly authenticated foreign judgment into an Oklahoma judgment. Adequate notice and an opportunity to be heard are, of course, mandatory, but unless the judgment debtor comes forward with some sufficient reason for striking the judgment, it may be enforced against him in the same manner as any intra-state judgment.

II.

The trial court ruled that 12 O.S.1971, § 95 governs an enforcement proceeding under the Act. Section 95 provides, in part, as follows:

"Civil actions . . . can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:

". . .

"Second. Within three (3) years: An action upon a contract express or implied not in writing; an action upon a liability created by statute other than a forfeiture or penalty; and *an action on a foreign judgment.*" (Emphasis ours.)

We fail to see how Section 95 can have any application to an enforcement proceeding under the Act. Section 95 applies to *civil actions* on a foreign judgment and a proceeding under the Act is not a civil action within the meaning of Section 95. Indeed, as we noted above, the Act was designed to provide a viable alternative to the traditional method of enforcing foreign judgments by a separate lawsuit in which the judgment was considered nothing more than a contract debt; it totally lacked the force of a domestic judgment, except for evidentiary purposes. See generally, *Conflicts of Law Symposium*, 18 Okl.L.Rev. 379, 414 (1965). The Act does not involve the institution of an action to enforce the judgment; it requires, to give the foreign judgment immediate legally enforceable consequences, only that it be filed in accordance with its provisions. 12 O.S.1971, § 721.

The Act itself, moreover, distinguishes between an action on a foreign judgment "and a proceeding to enforce a judgment under its provisions." Section 725 provides:

"The right of a judgment creditor to *bring an action to enforce his judgment*

*instead of proceeding under this act remains unimparied."* (Emphasis ours.)

There is, however, some authority for the trial court's position. Section 2 of the 1948 Act provides:

"On application *made within the time allowed for bringing an action on a foreign judgment in this state*, any person entitled to bring such action may have a foreign judgment registered in any court of this state having jurisdiction of such an action."

Under the 1948 Act, then, the statute of limitations applicable to suits on foreign judgments governs the institution of an enforcement proceeding. If, therefore, Oklahoma were one of the states which have retained the 1948 Act the trial court's judgment would be correct. But Oklahoma never adopted the 1948 Act; it adopted instead the 1964 Revised Act, which represents a radical departure from the earlier effort. Section 2 of the Revised Act completely omits any reference to the statute of limitations. Under this Section, which is codified at 12 O.S.1971, § 721 (quoted above), the mere filing of an authenticated foreign judgment gives the judgment the same effect "as a judgment of the District Court of any county of this state."

As we noted above the trial court concluded that holding the statute of limitations inapplicable to proceedings under the Act will result in allowing a judgment creditor to elect the statute of limitations under which to proceed. The trial court was concerned with the fact that a judgment creditor would have five years to enforce his judgment under the Act, because the only limitation on perfecting his rights thereunder will be Oklahoma's five year dormant judgment statute, 12 O.S.1971, § 755, but would have only three years to bring an action on the same foreign judgment. We do not find this a compelling reason to judicially gloss the plain language of the statute. Any unnecessary incongruity between the Act and the statute of limitations must be resolved by the legislature.

Since an enforcement proceeding under the Act is not a civil action within the meaning of Section 95 and since the express terms and statutory purposes of the Revised Act indicate unequivocally that the statute of limitations has no application to a proceeding under the Act, we hold that the trial court erred by striking Producers' judgment from the judgment docket.

The judgment of the trial court is reversed and this cause is remanded with instructions to overrule the application of J. D. Carroll to strike the judgment obtained by Producers.

Reversed and remanded.

REYNOLDS, P. J., and ROMANG, J., concur.