696 P.2d 1362

**Betty J. ESCHENHAGEN,**
**Plaintiff-Appellee,**

v.

**Andrew P. ZIKA, Jr.,**
**Defendant-Appellant.**

**No. 1 CA–CIV 6747.**

Court of Appeals of Arizona,
Division 1, Department A.

Jan. 8, 1985.

Howard, DeRoon & Seyffer by Louis De-Roon III, Phoenix, for plaintiff-appellee.

Owens, Rybarsyk & Nussbaum by Randy Nussbaum, Scottsdale, for defendant-appellant.

## OPINION

GRANT, Judge.

The appellee, Betty J. Eschenhagen, obtained a Missouri judgment against Rogers and Associates Inc. and Andrew P. Zika, Jr., on or about October 12, 1971. On or about February 19, 1981, the appellee domesticated the judgment pursuant to Arizona's Uniform Enforcement of Foreign Judgments Act. Appellant Zika filed a motion to quash the filing of the foreign judgment on the basis that it had not been timely filed in Arizona. The trial court found no bar to the filing of the foreign judgment and therefore denied the motion to quash. Appellant seeks review of the trial court's denial of his motion to quash the filing of the foreign judgment.

This case raises an issue of first impression in this state, whether a foreign judgment filed in Arizona under its Uniform Enforcement of Foreign Judgments Act must be filed within the five-year time limit for enforcing a judgment in Arizona or whether it is sufficient that the foreign judgment is filed in Arizona during the time the judgment is still valid in the state of origin.

Arizona has adopted the Revised Uniform Enforcement of Foreign Judgments Act, the 1964 version of the Act, found at A.R.S. § 12–1701 *et seq.* An earlier version of the Uniform Act drafted in 1948 is in effect in some jurisdictions. The Act provides that foreign judgments may be domesticated (converted into Arizona judgments) by filing a copy of an authenticated foreign judgment. A.R.S. § 12–1702 provides:

> A copy of any foreign judgment authenticated in accordance with the act of congress or the statutes of this state may be filed in the office of the clerk of any superior court of this state. The clerk shall treat the foreign judgment in the same manner as a judgment of the superior court of this state. A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a superior court of this state and may be enforced or satisfied in like manner.

The foreign judgments which are entitled to be domesticated under the Uniform Act are defined in A.R.S. § 12–1701 as "any judgment, decree, or order of a court of the United States or of any other court which

is entitled to full faith and credit in this state."

The appellee filed her Missouri judgment under the Act approximately nine and a half years after the judgment had been entered in Missouri. Missouri has a ten-year statute of limitations for enforcing judgments. Missouri Revised Statutes § 511.370. Consequently the judgment was still a valid Missouri judgment at the time it was filed in Arizona. Arizona's statute of limitations for enforcing judgments is only five years. Arizona does provide a process for renewing judgments, but renewal must be accomplished before the five years expires. A.R.S. § 12–1551(A) and (B) provide:

A. The party in whose favor a judgment is given may, at any time within five years after entry of the judgment and within five years after any renewal of the judgment either by affidavit or by an action brought thereon, have a writ of execution or other process issued for its enforcement.

B. No execution or other process shall be issued upon a judgment after the expiration of five years from the date of its entry unless the judgment is renewed by affidavit or process pursuant to § 12–1612 or an action is brought thereon within five years from the date of the entry of the judgment or of any renewal thereof.

If Arizona's rather than Missouri's statute of limitations for enforcing judgments applies, the judgment in the case would have been barred since it was not filed, or filed and renewed, within the five-year period.

It should also be noted that Arizona has a four-year statute of limitations for enforcing judgments rendered in other states, found in A.R.S. § 12–544(3). Clearly if appellee had brought an action to enforce her judgment instead of proceeding under the Uniform Act, she would have been barred by the four-year statute of limitations found in A.R.S. § 12–544(3). A.R.S. § 12–1706 of the Uniform Act provides that a party may bring an action to enforce the judgment instead of proceeding under the Uniform Act. Appellee, however, proceeded under the Uniform Act and therefore we have before us the task of determining what statute of limitations should apply.

Appellee argues as she did in the trial court that the Uniform Enforcement of Foreign Judgments Act was enacted so that a judgment, as long as it is valid in the rendering state at the time of filing under the Act, may be enforced in all other states which have enacted the Uniform Act. In other words, appellee argues that when a foreign judgment is filed in Arizona under the Uniform Act, Arizona must apply the statute of limitations of the rendering state if it is longer than its own statute of limitations to determine whether the judgment may be entered and thereafter treated as an Arizona judgment.

The trial court agreed with the appellee. In its minute entry ruling, the trial court reasoned that the purpose of the Uniform Act was to further the constitutional mandate that states give full faith and credit to judgments rendered by sister states and therefore that no statutory bar to a judgment filed under the Uniform Act could be raised if the judgment was valid in the rendering state at the time it was filed in Arizona. The trial court elaborated:

The policy underlying the Uniform Enforcement of Foreign Judgments Act is one designed to prevent judgment debtors from using state boundaries to escape payment of their adjudicated obligations. To this end, it is necessary that the Act and associated local statutes governing judgments be interpreted in a manner to promote the policy of the Act and to further the constitutional mandate that a state give full faith and credit to judgments rendered by its sister states, particularly those which, like Missouri, are parties to the Act.

This Court is of the opinion that when a foreign judgment is filed in this state pursuant to the Act, so long as it is then valid in the state of origin, this act of filing constitutes [sic] "entry of the judgment" under A.R.S. Sec. 12–1551(A). And it is only at the time of this "entry"

that the 5 year period commences to run. Since the instant judgment was admittedly valid at the time it was filed in this Court, the bar to execution in Sec. 12–1551(B) cannot be pleaded here and may not be used to prevent execution.

The Court feels this interpretation is necessary to further the policy of the Act. A contrary ruling would permit a Missouri judgment creditor [*sic*] to avoid execution for 5 years and a day, then remove to Arizona and thus prevent any further attempts at execution relying on Sec. 12–1551(B). This is notwithstanding that the judgment debtor incurred the obligation on which the judgment was obtained in a jurisdiction that provided 10 years in which to collect if the debtor defaulted on the obligation. Moreover, although Arizona would bar execution after 5 years failing renewal, Arizona does permit repetitive renewals for 5 year period evidencing a policy that judgment creditors should have as much time as they need to collect on adjudicated and legitimate obligations. Thus, this interpretation does not defeat any competing policy of our state.

Additionally, the trial court found that the statute of limitations in A.R.S. § 12–544(3) was applicable only when an independent action on a foreign judgment was filed and had no application to a filing under the Uniform Enforcement of Foreign Judgments Act.

Appellant contends that the trial court's reasoning and ruling are incorrect. Appellant argues that the trial court's ruling is contrary to well-established authority that the Full Faith and Credit Clause does not require Arizona to apply the statute of limitations of sister states. Appellant argues that nothing in the policy behind the Uniform Enforcement of Foreign Judgments Act requires Arizona to apply the longer statute of limitations of its sister state, Missouri.

■ Appellant correctly observes that, as a general rule, Arizona applies its own statute of limitations when there is a conflict between its statute and that of a sister state and that such application does not violate the Full Faith and Credit Clause of the United States Constitution. The U.S. Supreme Court has held that the Full Faith and Credit Clause does not compel the forum state to use another state's limitations period. *Wells v. Simonds Abrasive Co.*, 345 U.S. 514, 73 S.Ct. 856, 97 L.Ed. 1211 (1953). This is true not only for limitations periods for filing causes of actions but also for limitations periods for enforcing judgments. In *Strickland v. Watt*, 453 F.2d 393 (9th Cir.1972), judgment creditors sought to enforce judgments in the United States District Court for the state of Arizona. The Ninth Circuit Court of Appeals held that Arizona's four-year statute of limitations on foreign judgments rather than California's ten-year statute applied, observing that, generally, when a conflict between forum and foreign statutes of limitations occurs, Arizona applies the Arizona statute of limitations. *See also Ross v. Ross*, 96 Ariz. 249, 393 P.2d 933 (1964); *Weller v. Weller*, 14 Ariz.App. 42, 480 P.2d 379 (1971).

Appellee points out that the *Strickland* case involved an independent suit to enforce a foreign judgment rather than a filing of a foreign judgment under the Uniform Enforcement of Foreign Judgments Act. Appellee argues that all of the above mentioned authorities regarding application of the foreign states' statutes of limitations have no applicability when a foreign judgment is filed under the Uniform Enforcement of Foreign Judgments Act. We find that courts which have been presented with the question of whether the Uniform Enforcement of Foreign Judgments Act requires the forum state to recognize any judgment properly filed under the Act at a time the judgment was valid in the rendering state have reached differing conclusions.

In *Alexander Construction Co. v. Weaver*, 3 Kan.App.2d 298, 594 P.2d 248 (1979), the plaintiff had obtained a judgment in Colorado which has a twenty-year period for enforcement of judgments. Nine years later the plaintiff filed the Colorado judg-

ment under the provisions of the Kansas Uniform Enforcement of Foreign Judgments Act. Kansas has a seven-year limitations period after which a judgment may not be enforced unless it has been revived. Kansas also has a five-year limitations period for actions to enforce foreign judgments in Kansas. The appellate court held that the five-year Kansas statute of limitations for enforcing foreign judgments should apply and therefore that the judgment was barred. The court found that although the Uniform Enforcement of Foreign Judgments Act was instituted to provide a more effective and efficient time-saving procedure for the enforcement of judgments obtained in other states that it was merely another method available to the judgment creditor to enforce a foreign judgment. The court concluded that the statute of limitations applicable to the enforcement of a foreign judgment in Kansas should be the same regardless of which method of enforcement is chosen by the judgment creditor.

The trial court in the *Weaver* case had reached the same conclusion that enforcement of the Colorado judgment was barred in Kansas, but had thought that the regular seven-year Kansas statute of limitations for enforcing judgments rather than the five-year statute of limitations for enforcing foreign judgments was applicable. Courts applying the statute of limitations of their own state are divided on which statute to apply. We find that the Supreme Court of Alaska has concluded in an instance in which a foreign judgment was filed under the Uniform Enforcement of Foreign Judgments Act of that state that the forum's statute of limitations for enforcing judgments is the limitation period that applies. *See Hamilton v. Seattle Marine & Fishing Supply Co.*, 562 P.2d 333 (Alaska 1977). In *Ames v. Ames*, 60 Or. App. 50, 652 P.2d 1280 (1982), the Oregon appellate court found its limitation period for enforcing foreign judgments to be the applicable statute.

A very different conclusion was reached by the Oklahoma appellate court when presented with the question of whether Oklahoma's statute of limitations for enforcing foreign judgments should apply when a foreign judgment was filed under the Oklahoma Uniform Enforcement of Foreign Judgments Act. In *Producers Grain Corporation v. Carroll*, 546 P.2d 285 (Okla.Ct.App.1976), the plaintiff had not filed its foreign judgment under the Uniform Enforcement of Foreign Judgments Act until after Oklahoma's three-year statute of limitations for enforcing foreign judgments had run. The trial court had ruled that foreign judgment proceedings under the Uniform Act were governed by the three-year statute of limitations for enforcing foreign judgments, finding that it would be inconceivable that a party trying to enforce a foreign judgment in Oklahoma should be able to elect the statute of limitations that would apply. The appellate court disagreed. The court noted that Oklahoma's three-year statute of limitations on foreign judgments applied to "civil actions" on a foreign judgment. The court concluded that proceedings under the Uniform Enforcement of Foreign Judgments Act were not "civil actions" within the meaning of the statute.

Additionally, the Oklahoma court noted a distinction between the 1948 and the 1964 version of the Uniform Enforcement of Foreign Judgments Act which it felt was proof that its statute of limitations for enforcing foreign judgments was not meant to apply. The court observed that § 2 of the 1948 Uniform Act provides that a foreign judgment must be filed within the forum state's statute of limitations for enforcing a foreign judgment:

> "On application *made within the time allowed for bringing an action on a foreign judgment in this state,* any person entitled to bring such action may have a foreign judgment registered in any court of this state having jurisdiction of such an action."

546 P.2d at 288. The court then pointed out that such language was deleted from the 1964 version of the Uniform Enforcement of Foreign Judgments Act which merely provides for the foreign judgment

to be filed to give the judgment the same effect as a judgment of the forum state without specifying any time limits for the filing. Oklahoma had adopted the 1964 version of the Uniform Enforcement of Foreign Judgments Act. The Oklahoma court concluded that the three-year statute of limitations for enforcing a foreign judgment did not bar enforcement of the judgment in this instance since under Oklahoma's 1964 version of the Uniform Enforcement of Foreign Judgments Act "the mere filing of an authenticated foreign judgment gives the judgment the same effect 'as a judgment of the District Court of any county of this state.'" 546 P.2d at 288. For both of the above stated reasons, the Oklahoma court found no bar to the filing of the foreign judgment under the Uniform Enforcement of Foreign Judgments Act.

Although appellee would have us do so, we cannot conclude that the *Carroll* case provides authority for our holding that the foreign judgment filed in this case under Arizona's Uniform Enforcement of Foreign Judgments Act was not barred by Arizona statutes of limitations. Initially we note that Arizona's statute of limitations for enforcing foreign judgments, A.R.S. § 12–544(3), does not contain the language of its Oklahoma counterpart limiting it to "civil actions" on a foreign judgment.

Secondly, although Arizona also has the 1964 version of the Uniform Enforcement of Foreign Judgments Act, we do not believe that the difference in wording between the two versions means that under the 1964 Act the statute of limitations of the foreign jurisdiction is intended to apply. The fact that the 1964 version deleted wording requiring the foreign judgment to be filed within the time provided by the forum for enforcing a foreign judgment does not necessarily mean that the forum state cannot apply its statute of limitations for the enforcement of foreign judgments. The language may have been deleted merely to leave it up to the court whether to apply that statute of limitations. Moreover, even if we accepted the Oklahoma court's conclusion that the forum state's statute of limitations for enforcing foreign judgments is not meant to apply, that does not mean that the statute of limitations of the foreign jurisdiction rather than the regular statute of limitations for enforcing judgments of the forum state should apply. It does not appear that the court in *Carroll* faced this question. Finally if we were to take the language of the Uniform Enforcement of Foreign Judgments Act found so important by the *Carroll* court to its extreme, we would have to conclude that the mere filing of any foreign judgment in a state which has enacted the 1964 Uniform Act would make it valid in that state, even when the judgment is no longer valid in the rendering state. Obviously, this could not be the intended effect of the Uniform Enforcement of Foreign Judgments Act.

The trial court in the instant case expressed its belief that the policy underlying the Uniform Enforcement of Foreign Judgments Act is one designed to prevent judgment debtors from using state boundaries to escape payment of their adjudicated obligations. Finding this to be the policy of the Uniform Enforcement of Foreign Judgments Act, it concluded that it was the intention behind the Act not to use the forum state's statute of limitations to bar enforcement of a foreign judgment as long as the judgment when filed was not barred by the statute of limitations of the rendering state. We find no basis for this conclusion.

The purpose of the 1964 Uniform Enforcement of Foreign Judgments Act as stated in the Commissioner's Prefatory Note is to provide the enacting state with a speedy and economical method of enforcing foreign judgments so as to prevent the further cost and harrassment that would exist if further litigation were required. *Uniform Laws Annotated*, Vol. 13 at 173–174 (1980). We find nothing within the language of the Act or within its stated purpose to indicate that the forum state should not apply its statute of limitations in proceedings under the Act. The only for-

eign judgments that must be given effect as judgments of this state are those rendered by a court of the U.S. or of any other court which are "entitled to full faith and credit in this state." A.R.S. § 12–1701. As demonstrated in cases previously cited, full faith and credit does not require a forum state to use another state's longer statute of limitations. This court has previously stated that the Uniform Enforcement of Foreign Judgments Act does not create substantive rights not conferred by the Full Faith and Credit Clause of the U.S. Constitution, but is merely "a uniform act by which procedurally those rights and defenses afforded under the Full Faith and Credit Clause may be enforced or imposed." *Jones v. Roach*, 118 Ariz. 146, 150, 575 P.2d 345, 349 (App.1977). Nothing in the Uniform Enforcement of Foreign Judgments Act precludes Arizona from applying its own statute of limitations in determining whether a foreign judgment is entitled to enforcement under the Act.

It is not necessary for us to decide at this time which of Arizona's statute of limitations would apply, the five-year statute for enforcement of judgments or the four-year statute for enforcing foreign judgments, since enforcement of appellee's judgment was precluded in this instance under either statute. As we noted previously, courts which have held that the forum state applies in own statute of limitations when a foreign judgment is filed under the Uniform Act have differed as to which of these statutes to apply. We will wait until this issue is squarely presented to us before deciding it. At this time we hold only that Arizona would apply its own statute of limitations and that the trial court erred in ruling that the applicable Arizona statute of limitations would not bar the enforcement of the foreign judgment filed under the Uniform Act which in this instance was filed more than nine years after the judgment was entered.

We reverse the ruling of the trial court and remand for the trial court to quash the filing of the foreign judgment.

HAIRE, P.J., and BROOKS, J., concur.