**James C. HILL, Appellant (Defendant),**

v.

**VALUE RECOVERY GROUP, L.P., a Delaware Limited Partnership, Appellee (Plaintiff).**

No. 98–26.

Supreme Court of Wyoming.

Sept. 16, 1998.

C.M. Aron of Aron and Hennig, Laramie, for Appellant (Defendant).

Kermit C. Brown of Brown, Nagel & Waters, LLC, Laramie, for Appellee (Plaintiff).

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and TAYLOR,* JJ.

MACY, Justice.

Appellant James Hill appeals from the denial of his motion to dismiss and set aside a foreign judgment.

We affirm.

* Chief Justice at time of conference.

## ISSUES

Hill presents the following issues for our consideration on appeal:

> Does the statute of limitations of W.S. § 1–3–105(a)(iii) apply to the filing of a foreign judgment under the Uniform Enforcement of Foreign Judgments Act?

> Did the Uniform Enforcement of Foreign Judgments Act repeal the statute of limitations on foreign judgments?

## FACTS

On October 14, 1987, the district court in Wichita County, Texas, entered a judgment against Hill and in favor of InterFirst Bank Wichita Falls, N.A. Appellee Value Recovery Group, L.P., acquired the judgment from the Federal Deposit Insurance Corporation, and it filed the Texas judgment in the Wyoming district court in Carbon County on February 4, 1997. Hill moved to dismiss and set aside the Texas judgment on the ground that the limitation delineated in Section 1–3–105(a)(iii) of the Wyoming statutes barred the filing of the foreign judgment. In the affidavit that he filed to support his motion, Hill stated that he had been a resident of Wyoming for more than five years and that the facts giving rise to "Plaintiff's cause of action and judgment, in the Texas civil proceeding[,] accrued on October 14, 1987."

The Wyoming district court held a hearing to consider Hill's motion. Finding that the statute of limitations does not apply to filing a foreign judgment, the district court denied Hill's motion. Hill appealed to this Court.

## DISCUSSION

Hill maintains that the district court erred when it denied his motion to dismiss and set aside Value Recovery Group's foreign judgment. He argues that the district court was mistaken when it concluded that Section 1–3–105(a)(iii) did not apply in this case.

■ A judgment creditor has two legal avenues available to it to enforce a foreign judgment in Wyoming. It may proceed under the simplified procedures of the Uniform

Enforcement of Foreign Judgments Act, which is codified at Sections 1–17–701 through 1–17–707 of the Wyoming statutes, or it may institute a separate lawsuit to enforce its judgment. WYO. STAT. §§ 1–17–701 to –707 (1997); *Hull v. Buffalo Federal Savings & Loan Association*, 661 P.2d 1049, 1051 n. 2 (Wyo.1983). Value Recovery Group filed the Texas judgment in the Wyoming district court pursuant to the Uniform Enforcement of Foreign Judgments Act. Section 1–17–703 describes the method and effect of filing a foreign judgment under the Act:

> A copy of any foreign judgment authenticated in accordance with the [an] act of Congress or the statutes of this state may be filed in the office of the clerk of any district court of this state. The clerk shall treat the foreign judgment as a judgment of the district court of this state notwithstanding the amount of the judgment or that the action giving rise to the judgment, if initiated in this state, would be within the jurisdiction of a minor court. A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating or staying as a judgment of a district court. of this state and may be so enforced or satisfied.

WYO. STAT. § 1–17–703 (1997). *See Haltom v. Haltom*, 755 P.2d 876, 878 (Wyo.1988); *see also Salmeri v. Salmeri*, 554 P.2d 1244, 1250 (Wyo.1976) (stating that a foreign judgment filed in accordance with the Uniform Enforcement of Foreign Judgments Act has the same effect as a judgment entered by a Wyoming court).

■ Hill claims that the limitation period specified in Section § 1–3–105(a)(iii) applies to filing a foreign judgment under the Uniform Enforcement of Foreign Judgments Act. Section 1–3–105(a)(iii) states:

> (a) Civil actions other than for the recovery of real property can only be brought within the following periods after the cause of action accrues:
>
> . . .
>
> (iii) Within five (5) years after the debtor establishes residence in Wyoming, an action on a foreign claim, judg-

ment or contract, express or implied, contracted or incurred and accrued before the debtor became a resident of Wyoming[.]

WYO. STAT. § 1–3–105(a)(iii) (1997). *See also Hollingshead v. Hollingshead*, 942 P.2d 1104, 1107 (Wyo.1997) (acknowledging that Wyoming has a statute of limitations that applies to foreign judgments but does not have a statute of limitations that applies to domestic judgments). The question we must address in this case is whether or not filing a foreign judgment under the Uniform Enforcement of Foreign Judgments Act is a "civil action" that is governed by the limitation specified in Section 1–3–105(a)(iii).

In deciding this case, we must apply our well-established standard for construing statutes. We attempt to interpret statutes in accordance with the legislature's intent. *State Department of Revenue and Taxation v. Pacificorp*, 872 P.2d 1163, 1166 (Wyo. 1994). We begin by making an " 'inquiry respecting the ordinary and obvious meaning of the words employed according to their arrangement and connection.' " *Parker Land and Cattle Company v. Wyoming Game and Fish Commission*, 845 P.2d 1040, 1042 (Wyo.1993) (quoting *Rasmussen v. Baker*, 7 Wyo. 117, 133, 50 P. 819, 823 (1897)). We construe statutes as a whole, giving effect to every word, clause, and sentence, and we construe together all parts of the statutes on the same subject. *State ex rel. Wyoming Workers' Safety and Compensation Division v. Bruhn*, 951 P.2d 373, 376 (Wyo.1997). We give effect to the plain language of unambiguous statutes. *Lyles v. State ex rel. Division of Workers' Compensation*, 957 P.2d 843, 846 (Wyo.1998). We resort to extrinsic aids of statutory interpretation, such as legislative history or intent, only when statutes are ambiguous. *Christensen v. Oedekoven*, 888 P.2d 228, 230 (Wyo.1995).

■ In this case, we have guidance from a prior Wyoming Supreme Court case that defined the term "civil action" as it is used in Section 1–3–105. *National Tailoring Co. v. Scott*, 65 Wyo. 64, 196 P.2d 387, 392 (1948). " 'An "action" is a lawful demand of one's right in a court of justice. A "civil action" is

a like demand by a person of a civil right.'" *Id.* (quoting 7 WORDS AND PHRASES 268 (perm. ed.)). This Court stated it was evident that Section 1–3–105's limitation periods were "operative merely upon the remedy by proceedings in court." *Id.*

Courts in states such as Colorado and Oklahoma have decided that filing a foreign judgment under the Uniform Enforcement of Foreign Judgments Act does not amount to an "action" within the meaning of their statutes of limitations pertaining to foreign judgments actions. *See, e.g., Hunter Technology, Inc. v. Scott,* 701 P.2d 645 (Colo.Ct.App. 1985); *Producers Grain Corporation v. Carroll,* 546 P.2d 285 (Okla.Ct.App.1976).

> [T]he Uniform Act provides "a viable alternative to the traditional method of enforcing foreign judgments by a separate lawsuit.... The [Uniform] Act does not involve the institution of an action to enforce the judgment; it requires, to give the foreign judgment immediate legally enforceable consequences, only that it be filed in accordance with its provisions."

*Hunter Technology, Inc.,* 701 P.2d at 646 (quoting *Producers Grain Corporation,* 546 P.2d at 287 (citations omitted)). *See also In re Marriage of Lyon,* 764 P.2d 384, 385 (Colo.Ct.App.1988).

Some courts have taken a contrary view and have applied their statutes of limitations for enforcing foreign judgments to judgments filed under the Uniform Enforcement of Foreign Judgments Act. *See, e.g., Eschenhagen v. Zika,* 144 Ariz. 213, 696 P.2d 1362 (Ariz.Ct.App.1985); *Lawrence Systems, Inc., By and Through Douglas–Guardian Warehouse Corp. v. Superior Feeders, Inc.,* 880 S.W.2d 203 (Tex.Ct.App.1994). These cases are materially different from the case at bar. Neither the Arizona statute of limitations nor the Texas statute of limitations employs the "civil action" terminology that is used in the Wyoming statute. *Eschenhagen,* 696 P.2d at 1367; *Lawrence Systems, Inc., By and Through Douglas–Guardian Warehouse Corp.,* 880 S.W.2d at 207. Furthermore, those courts seem to confuse filing a judgment under the Uniform Enforcement of Foreign Judgments Act with commencing an action to enforce a foreign judgment. *Eschenhagen,* 696 P.2d at 1367–68; *Lawrence Systems, Inc., By and Through Douglas–Guardian Warehouse Corp.,* 880 S.W.2d at 208.

We agree with the Colorado and Oklahoma courts. Filing a foreign judgment under the Uniform Enforcement of Foreign Judgments Act does not involve a court proceeding and, therefore, is not a civil action within the clear language of Section 1–3–105(a)(iii). Because Section 1–3–105 applies to only civil actions, Section 1–3–105(a)(iii) does not apply to filing a foreign judgment under the Uniform Enforcement of Foreign Judgments Act.

Hill maintains that, if we hold that Section 1–3–105(a)(iii) does not apply to filing a foreign judgment, we must necessarily hold that the Uniform Enforcement of Foreign Judgments Act effectively repealed Section 1–3–105(a)(iii). We disagree. Section 1–3–105(a)(iii) is still applicable to the traditional lawsuits that are brought to enforce foreign judgments.

The district court correctly ruled that Section 1–3–105(a)(iii) does not apply to filing a foreign judgment under the Uniform Enforcement of Foreign Judgments Act because the filing does not constitute a civil action. The district court's denial of Hill's motion to dismiss and set aside Value Recovery Group's foreign judgment is, therefore,

Affirmed.