2015 OK CIV APP 16

**FORD MOTOR CREDIT COMPANY,**
**Plaintiff/Appellant,**

v.

**Nicholas J. KURZ, Defendant/Appellee.**

**No. 111,687.**

Court of Civil Appeals of Oklahoma,
Division No. 3.

Jan. 22, 2015.

Tracy Cotts Reed, Love, Beal & Nixon, P.C., Oklahoma City, Oklahoma, for Plaintiff/Appellant.

Nicholas J. Kurz, Sulphur, Oklahoma, Pro Se.

BAY MITCHELL, Presiding judge.

¶ 1 Plaintiff/Appellant Ford Motor Credit Company (Ford) appeals the trial court's Order entering judgment in favor of Defendant/Appellee Nicholas J. Kurz (Kurz). On appeal, Ford argues the trial court erred by applying the three-year statute of limitations, 12 O.S.2011 § 95, to its proceeding to enforce a foreign judgment filed under the Uniform Enforcement of Foreign Judgments Act, 12 O.S.2011 § 719 *et seq.* (Act). This appeal is submitted on Ford's brief only. Finding the arguments set forth in Ford's brief reasonably support its allegation of error on appeal, we reverse the judgment of the trial court.

¶ 2 Ford and Kurz entered into a contract in which Ford agreed to extend credit to Kurz for the purchase of a vehicle. When Kurz failed to pay as agreed, Ford repossessed the vehicle, sold it at auction, and attempted to collect the deficiency and its costs from Kurz. On June 26, 2007, the Circuit Court of Cass County, Missouri entered default judgment in favor of Ford.

¶ 3 On November 8, 2011, Ford registered the Missouri judgment in the District Court of Murray County, Oklahoma in accordance with the Act and attempted to collect on the judgment via a one-time bank garnishment. Kurz filed a petition asking the Murray County court to vacate the Missouri judgment, to stay the execution of the judgment, or, alternatively, to sustain his claim for exemption from Ford's garnishment. The trial court ordered all but $474.98 of the funds captured in the bank garnishment to be returned to Kurz and ordered the parties to submit briefing before further hearing on Kurz's petition. At the hearing on November 1, 2012, the trial court ruled that 12 O.S.2011 § 95(A)(2) applied and that the three-year statute of limitations had run prior to Ford's registration of the foreign judgment.[1] This appeal springs from the March 28, 2013 Order memorializing the court's ruling.

¶ 4 This appeal proceeds on Ford's brief only. When a case comes before this Court on the appellant's brief alone, and said brief reasonably supports the allegations of error, we are not obligated to search the record for a theory on which to sustain the trial court's judgment. Reversal is not automatic for appellee's failure to file an answer brief, however, and we will affirm the trial court's judgment if the appellant's brief does not support the claimed errors. *See Branch v. AmeriResource Group, Inc.*, 2001 OK CIV

---

1. Section 95(A)(2) provides, in part, as follows:
   A. Civil actions ... can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:
   ...

2. Within three (3) years: An action upon a contract express or implied not in writing; an action upon a liability created by statute other than a forfeiture or penalty; and an action on a foreign judgment.

APP 86, ¶ 20, 29 P.3d 605, 613–14; *see also* *Hamid v. Sew Original*, 1982 OK 46, ¶ 7, 645 P.2d 496, 497.

¶ 5 Ford's sole proposition of error is that the trial court erred by applying § 95 to a foreign judgment registered in accordance with the Act. In *Producers Grain Corp. v. Carroll*, 1976 OK CIV APP 3, 546 P.2d 285, Division I of the Court of Civil Appeals considered this issue. There, the trial court ruled that the three-year statute of limitations in § 95 precluded enforcement of a foreign judgment. *Id.*, ¶ 4, 546 P.2d at 286. The Court of Civil Appeals reversed, holding that § 95 applies only to *civil actions* brought on a foreign judgment, and a foreign judgment filed pursuant to the Act is not a civil action within the meaning of § 95. *Id.*, ¶ 10, 546 P.2d at 287. The Court noted the Act was designed to present an alternative to the traditional method of enforcing foreign judgments by separate lawsuit and that the Act itself distinguishes between an action on a foreign judgment and a proceeding to enforce a judgment under its provisions. *Id.*, ¶¶ 10–11, 546 P.2d at 287–88; *see also* 12 O.S.2011 § 725 ("The right of a judgment creditor to bring an action to enforce his judgment instead of proceeding under this act remains unimpaired.").

¶ 6 We find *Producers Grain Corp.* persuasive and hold the three-year statute of limitations is inapplicable to a foreign judgment registered under the Act.[2] The trial court erred by applying § 95.

¶ 7 REVERSED AND REMANDED.

HETHERINGTON, C.J., and JOPLIN, J., concur.

---

2. A limitations period for the enforcement of Ford's judgment in this case would be the five-year period provided in 12 O.S.2011 § 735, Oklahoma's dormancy statute. "[A] foreign judgment which is enforceable at the time the judgment creditor registers the foreign judgment in Oklahoma will be considered, for the purposes of enforcement, as a new judgment of this state to which Oklahoma's five year dormancy statute will apply. Once filed, the foreign judgment becomes a judgment of this state and 'shall [be] treat[ed] ... in the same manner as a judgment of the district court of any county of this state.'" *Drllevich Const., Inc. v. Stock*, 1998 OK 39, ¶ 20, 958 P.2d 1277, 1281. However, as provided in § 735, that five-year period may be extended so as to keep the judgment viable.