OSCN Found Document:FORD MOTOR CREDIT CO. v. KURZ

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 FORD MOTOR CREDIT CO. v. KURZ
2015 OK CIV APP 16
344 P.3d 1100
Case Number: 111687
Decided: 01/22/2015
Mandate Issued: 03/02/2015
DIVISION III
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2015 OK CIV APP 16, 344 P.3d 1100

 

FORD MOTOR CREDIT COMPANY, 
Plaintiff/Appellant,
v.
NICHOLAS J. KURZ, Defendant/Appellee.

APPEAL FROM THE DISTRICT COURT OF MURRAY COUNTY, OKLAHOMA
HONORABLE WALLACE COPPEDGE, JUDGE

REVERSED AND REMANDED

Tracy Cotts Reed, LOVE, BEAL & NIXON, P.C., Oklahoma City, Oklahoma, for 
Plaintiff/Appellant,
Nicholas J. Kurz, Sulphur, Oklahoma, Pro 
Se.


Bay Mitchell, Presiding Judge:
¶1 Plaintiff/Appellant Ford Motor Credit Company (Ford) appeals the trial 
court's Order entering judgment in favor of Defendant/Appellee Nicholas J. Kurz 
(Kurz). On appeal, Ford argues the trial court erred by applying the three-year 
statute of limitations, 12 O.S. 2011 
§95, to its proceeding to enforce a foreign judgment filed under the Uniform 
Enforcement of Foreign Judgments Act, 12 O.S. 2011 §719 et seq. 
(Act). This appeal is submitted on Ford's brief only. Finding the arguments 
set forth in Ford's brief reasonably support its allegation of error on appeal, 
we reverse the judgment of the trial court.
¶2 Ford and Kurz entered into a contract in which Ford agreed to extend 
credit to Kurz for the purchase of a vehicle. When Kurz failed to pay as agreed, 
Ford repossessed the vehicle, sold it at auction, and attempted to collect the 
deficiency and its costs from Kurz. On June 26, 2007, the Circuit Court of Cass 
County, Missouri entered default judgment in favor of Ford.
¶3 On November 8, 2011, Ford registered the Missouri judgment in the District 
Court of Murray County, Oklahoma in accordance with the Act and attempted to 
collect on the judgment via a one-time bank garnishment. Kurz filed a petition 
asking the Murray County court to vacate the Missouri judgment, to stay the 
execution of the judgment, or, alternatively, to sustain his claim for exemption 
from Ford's garnishment. The trial court ordered all but $474.98 of the funds 
captured in the bank garnishment to be returned to Kurz and ordered the parties 
to submit briefing before further hearing on Kurz's petition. At the hearing on 
November 1, 2012, the trial court ruled that 12 O.S. 2011 §95(A)(2) applied and 
that the three-year statute of limitations had run prior to Ford's registration 
of the foreign judgment.[1] This appeal springs from the March 28, 2013 Order 
memorializing the court's ruling.
¶4 This appeal proceeds on Ford's brief only. When a case comes before this 
Court on the appellant's brief alone, and said brief reasonably supports the 
allegations of error, we are not obligated to search the record for a theory on 
which to sustain the trial court's judgment. Reversal is not automatic for 
appellee's failure to file an answer brief, however, and we will affirm the 
trial court's judgment if the appellant's brief does not support the claimed 
errors. See Branch v. AmeriResource Group, Inc., 2001 OK CIV APP 86, ¶20, 29 P.3d 605, 613-14; see also 
Hamid v. Sew Original, 1982 OK 
46, ¶7, 645 P.2d 496, 497.
¶5 Ford's sole proposition of error is that the trial court erred by applying 
§95 to a foreign judgment registered in accordance with the Act. In Producers 
Grain Corp. v. Carroll, 1976 OK 
CIV APP 3, 546 P.2d 285, 
Division I of the Court of Civil Appeals considered this issue. There, the trial 
court ruled that the three-year statute of limitations in §95 precluded 
enforcement of a foreign judgment. Id., ¶4, 546 P.2d at 286. The Court of 
Civil Appeals reversed, holding that §95 applies only to civil actions 
brought on a foreign judgment, and a foreign judgment filed pursuant to the Act 
is not a civil action within the meaning of §95. Id., ¶10, 546 P.2d at 
287. The Court noted the Act was designed to present an alternative to the 
traditional method of enforcing foreign judgments by separate lawsuit and that 
the Act itself distinguishes between an action on a foreign judgment and a 
proceeding to enforce a judgment under its provisions. Id., ¶¶10-11, 546 
P.2d at 287-88; see also 12 
O.S. 2011 §725 ("The right of a judgment creditor to bring an action to 
enforce his judgment instead of proceeding under this act remains 
unimpaired.").
¶6 We find Producers Grain Corp. persuasive and hold the three-year 
statute of limitations is inapplicable to a foreign judgment registered under 
the Act.[2] The 
trial court erred by applying §95.

¶7 REVERSED AND REMANDED.

HETHERINGTON, C.J., and JOPLIN, J., concur.

FOOTNOTES

[1] Section 
95(A)(2) provides, in part, as follows:
A. Civil actions . . . can only be brought within the following periods, 
after the cause of action shall have accrued, and not afterwards:
. . .
2. 
Within three (3) years: An action upon a contract express or implied not in 
writing; an action upon a liability created by statute other than a forfeiture 
or penalty; and an action on a foreign judgment.

[2] A 
limitations period for the enforcement of Ford's judgment in this case would be 
the five-year period provided in 12 
O.S. 2011 §735, Oklahoma's dormancy statute. "[A] foreign judgment which is 
enforceable at the time the judgment creditor registers the foreign judgment in 
Oklahoma will be considered, for the purposes of enforcement, as a new judgment 
of this state to which Oklahoma's five year dormancy statute will apply. Once 
filed, the foreign judgment becomes a judgment of this state and 'shall [be] 
treat[ed] . . . in the same manner as a judgment of the district court of any 
county of this state.'" Drllevich Const., Inc. v. Stock, 1998 OK 39, ¶20, 958 P.2d 1277, 1281. However, as 
provided in §735, that five-year period may be extended so as to keep the 
judgment viable.





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2001 OK CIV APP 86, 29 P.3d 605, 72 OBJ 2199, BRANCH v. AMERIRESOURCE GROUP, INC.
Discussed
 1976 OK CIV APP 3, 546 P.2d 285, PRODUCERS GRAIN CORPORATION v. CARROLL
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1982 OK 46, 645 P.2d 496, Hamid v. Sew Original
Discussed
 1998 OK 39, 958 P.2d 1277, 69 OBJ 1788, DRLLEVICH CONSTRUCTION, INC. v. STOCK
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 95, Limitation of Other Actions
Discussed
 12 O.S. 719, Short Title
Cited
 12 O.S. 725, Optional Procedure
Cited
 12 O.S. 735, Must Be Issued within Five Years or Judgment Becomes Dormant - Inapplicable to Municipalities
Cited