393 P.2d 933

**Varick R. ROSS, Appellant,**

**v.**

**Dr. Norman A. ROSS and Edna G. Ross, his wife, Appellees.**

**No. 7278.**

Supreme Court of Arizona.

En Banc.

July 8, 1964.

Stockton & Hing, by Robert Ong Hing, Phoenix, for appellant.

Jennings, Strouss, Salmon & Trask, by Thos. J. Trimble and Charles Strouss, Jr., Phoenix, for appellees.

STIDHAM, Superior Court Judge.

Dr. Norman Ross borrowed money from his father during the period between June 1, 1927 and March 2, 1931 signing in return 12 promissory notes. In the body of each note he waived "diligence in bringing suit against any party hereto." All the notes were drawn and payable in Iowa, and seven were signed there also. Four were signed in California and one in Arizona. Upon the father's death, the notes were unpaid, and were distributed by the Court to another son, appellant herein. He brought suit in Superior Court of Maricopa County, and appellee moved to dismiss on the grounds that relief was barred by the Arizona Statutes of Limitation, A.R.S. §§ 12–548 and 12–550. Judgment for defendant was entered on the motion and this appeal resulted.

Appellant contends that the statutes of Iowa and California govern limitation of the action, that in any event the phrase "diligence in bringing suit against any party hereto" constitutes a waiver of limitation, and that this Court should suspend the operation of limitation statutes as between father and son.

It appears from the complaint that Dr. Ross has been a resident of and physically present within Arizona for more than sufficient time for the Arizona Statute of Limitations to run, if applicable. Appellant, a nonresident of Arizona, states that Dr. Ross must have been in Iowa or California, where the notes were signed, to claim benefit of statutes of limitation and that the Arizona statute would not run against a nonresident plaintiff. The limitation statutes of the place where a contract is made are not controlling under these facts. We approve the general rule as stated in Scudder v. Union National Bank, 91 U.S. 406, 412, 413, 23 L.Ed. 245:

"Matters bearing upon the execution, the interpretation and the vaildity of a contract are determined by the law of the place where the contract is made. Matters connected with its performance are regulated by the law prevailing at the place of performance. Matters respecting the remedy, such as the bringing of suits, admissibility of evidence, statutes of limitation, depend upon the

law of the place where the suit is brought."

The above case was cited by the 9th Circuit Court in applying the Arizona limitations statutes in an appeal from the Arizona Federal District Court almost identical to the case at bar, Van Dyke v. Parker, 83 F.2d 35. We held in Work v. United Globe Mines, 12 Ariz. 339, 100 P. 813, that our statutes of limitation run against a non-resident. Whether or not the Arizona statute is tolled under given facts depends on Arizona law. The Arizona statute of limitation was properly applied here by the trial judge.

■ We have before held that the statutes of limitation of this state are declarations of public policy as well as a private right to the individual. See Forbach v. Steinfeld, 34 Ariz. 519, 273 P. 6. Public policy cannot be wiped out by a private attempt to repeal the statutes in advance. The waiver of "diligence in bringing suit" was ineffective.

■ Appellant's plea that we suspend the operation of limitation statutes as between father and son is a novel one. No authority is cited. Appellant admittedly requests this Court to pioneer a new concept in the law upon the theory that it would promote and preserve family tranquility. We do not agree that such would be the effect and we reject the plea. Litigation between parent and child is not uncommon. We hold that parents dealing with adult children do so under statutes of limitation applicable in like fashion as to dealings between total strangers.

■ Two procedural points must be considered. Appellant cites two cases for authority that the defense of the statute of limitations is not properly raised by way of a motion to dismiss. In several other cases, the procedure has been approved as to "a claim which the averments of the complaint show conclusively to be barred by limitations." Leimer v. State Mutual Life Assurance Company, 8 Cir., 108 F.2d 302. Tahir Erk v. Glenn L. Martin Company, 4 Cir., 116 F.2d 865 at 870. We deem these cases to represent the weight of authority and approve the practice.

■ Appellant assigns as error the fact that he was not afforded an opportunity to amend his complaint by the lower court. The minute entries and abstract of record show that no request for leave to amend was made. We hold that it was incumbent upon him to do so before he can be heard to complain here.

The judgment is affirmed.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER and BERNSTEIN, JJ., concur.

NOTE: Renz L. Jennings, J., having announced his disqualification, the Honorable Charles C. Stidham, Judge of Superior Court, Maricopa County, was called to sit in the determination of this appeal.