724 P.2d 30

**Irene O. Holland MONROE, wife of D. Calvin Monroe, a married woman, dealing with her sole and separate property, Appellant,**

v.

**Cindy K. Browning WOOD, wife of Michael Wood, formerly Cindy K. Browning, and Michael Wood, Appellees.**

**No. 18397–PR.**

Supreme Court of Arizona,
En Banc.

July 7, 1986.

---

Vincent E. Odgers, Tucson, for appellant.

Toci, Murphy & Beck by Michael R. Murphy, Prescott, for appellees.

GORDON, Vice Chief Justice.

We granted this Petition for Review to determine whether a suit for personal injuries is barred by the statute of limitations or whether the statute of limitations was tolled until the defendant became a resident of Arizona. The trial court ruled that the suit was barred by the statute of limitations, and the court of appeals agreed. *Monroe v. Wood,* 150 Ariz. 419, 724 P.2d 38 (App.1985). We have jurisdiction pursuant to Arizona Const. art. 6 § 5(3), and Rule 23, Ariz. R. Civ. App. P., 17A A.R.S.

The facts of the case are undisputed. On July 24, 1974, Irene O. Holland (now Monroe) was injured in Colorado after being struck by an automobile driven by Cindy Browning (now Wood). Monroe was and is a resident of Arizona. Wood was a resident of Colorado at the time of the accident. Colorado has a six-year statute of limitations for personal injury actions. 13–80–110 C.R.S. (1973).

In September, 1976, Wood moved to New Mexico. New Mexico has a three-year statute of limitations for personal injury actions. 37–1–8 N.M.S.A. (1978). In June of 1978 Wood moved from New Mexico to Arizona where she continues to reside. Arizona has a two-year statute of limitations for personal injury claims. A.R.S. § 12–542.

In September, 1978, petitioner Monroe filed suit against Wood in Colorado and attempted service of process there. She was then informed that Wood resided in Arizona. Even though Colorado had a long-arm statute, 13–1–124 C.R.S. (1973), Monroe chose to abandon her Colorado action and on September 22, 1978, filed her complaint in Arizona. Wood's answer alleged as an affirmative defense the expiration of Arizona's applicable statute of limitations. The trial court and court of appeals agreed that the action was barred by the statute of limitations.

The traditional rule regarding statutes of limitation is that they are procedural and therefore governed by the law of the forum state. Restatement (Second) Conflict of Laws § 142. This continues to be the rule in Arizona, *Ross v. Ross,* 96 Ariz. 249, 393 P.2d 933 (1964); Colorado, *Casselman v. Denver Tramway Corp.,* 195 Colo. 241, 577 P.2d 293 (1978); and New Mexico, *Sierra Life Insu. Co. v. First Nat'l Life Insu. Co.,* 85 N.M. 409, 512 P.2d 1245 (1973). A.R.S. § 12–542 prescribes a two-year statute of

limitations for personal injury actions, and upon cursory examination would appear to bar the petitioner's suit, which was filed approximately four years after the accident. However, Arizona has a "borrowing" statute, A.R.S. § 12–507, which is designed to accommodate situations wherein a non-resident moves to Arizona. A.R.S. § 12–507 provides:

> "§ 12–507. **Action against person removing to this state**
>
> No demand against a person who removes to this state, incurred prior to his removal, shall be barred by the statute of limitation until he has resided in this state one year, unless barred at the time of his removal to this state by the laws of the state or country from which he migrated."

Wood moved to Arizona in June, 1978. Monroe filed her Arizona lawsuit in September, 1978, well within the one-year period designated in the statute. The question thus becomes, was the cause of action barred by the laws of the state from which she migrated, i.e. New Mexico, at the time of her arrival in Arizona? If so, then A.R.S. § 12–507 is of no avail to petitioner and her suit is barred by the statute of limitations. If not, however, petitioner had one year after Wood's arrival within which to file suit in Arizona. By necessity, then, we must examine the relevant New Mexico law to determine whether the cause of action was still viable there at the time of Wood's removal to Arizona. Specifically, we must determine when the statute of limitations began to run in New Mexico— whether at the time of the accident, in which case the New Mexico statute of limitations would have expired on July 24, 1977; or at the time that Wood moved from Colorado to New Mexico, in which case the statute of limitations would not have expired until September 1979.

■ We believe that the New Mexico statute of limitations did not begin to run until Wood moved from Colorado to New Mexico. Because New Mexico had no connection with the case except as Wood's residence, until Wood became a resident of the state the New Mexico courts could not have asserted *in personam* jurisdiction over her. *See Worldwide Volkswagen v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *Kulko v. Superior Court*, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978); *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (all holding that minimum contacts are an essential predicate to the exercise of personal jurisdiction over a non-resident). It would be incongruous indeed if the statute of limitations began to run in New Mexico before the dispute could even be ruled upon there.

The New Mexico Supreme Court has long held that their statutes of limitation do not commence running until a party actually becomes amenable to New Mexico service of process. *See In re Goldsworthy's Estate*, 45 N.M. 406, 115 P.2d 627 (1941). In *Goldsworthy's Estate* the defendant contracted debts in Missouri over a 15–year period, moved to California, and only three months before her death moved to New Mexico. Nonetheless, the New Mexico Supreme Court allowed a cause of action to be maintained in New Mexico, stating, "If the cause of action arose out of the state, it is sufficient to save the statute from running in favor of the party to be charged until he comes within its jurisdiction." 45 N.M. at 412, 115 P.2d at 633.

The respondent claims that *Goldsworthy's Estate* has been impliedly overruled by two subsequent New Mexico cases: *Kennedy v. Lynch*, 85 N.M. 479, 513 P.2d 1261 (1973); and *Benally v. Pigman*, 78 N.M. 189, 429 P.2d 648 (1967). In those cases the New Mexico Supreme Court held that New Mexico's tolling statute did not toll the statute of limitations when the defendant could be served with process. In both cases the defendants were residents of New Mexico when the litigated events occurred and the events occurred in New Mexico. The court reasoned that a defendant's subsequent absence from the state should not toll the statute of limitations since the plaintiff could avail himself of New Mexico's long-arm statute in order to

serve process on the defendant. *Cf. Selby v. Karman,* 110 Ariz. 522, 521 P.2d 609 (1974) (same principle in Arizona). In contrast, the relevant event here occurred in Colorado and the defendant later moved *to* New Mexico. *Kennedy v. Lynch* and *Benally v. Pigman* are simply inapposite; *Goldsworthy's Estate* governs these facts.

 Consequently, the New Mexico statute of limitations did not begin to run on Monroe's claim until Wood moved to New Mexico in September, 1976. The statute of limitations would have expired in September, 1979. Thus when Wood moved to Arizona in June, 1978, the New Mexico cause of action was still viable and Monroe had one year within which to bring her lawsuit. A.R.S. § 12–507; *see Bailey v. Superior Court,* 143 Ariz. 494, 694 P.2d 324 (App. 1985). This she did. The suit is not barred by Arizona's statute of limitations. Accordingly, we must reverse the decision of the trial court dismissing petitioner's claim and vacate the court of appeals' opinion. The matter is remanded to the trial court for further proceedings not inconsistent with this opinion.

HOLOHAN, C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.