In re WESTERN UNITED NURSERIES, INC., an Arizona corporation, Debtor.

In re WESTERN GROUP NURSERIES, INC., an Arizona corporation, Debtor.

WESTERN GROUP NURSERIES, INC., an Arizona corporation, Plaintiff,

v.

The ESTATE OF Richard R. ADAMS and Jane Doe Adams, former wife of Richard R. Adams, et al., Defendants.

Bankruptcy Nos. B–92–03004–PHX–GBN, B–92–03005–PHX–GBN. Adv. No. 94–126–GBN.

United States Bankruptcy Court, D. Arizona.

Feb. 6, 1996.

Anthony R. Lucia, Treon, Strick, Lucia & Aguirre, Phoenix, AZ, for Debtors.

Dean M. Dinner, Morrison & Hecker, Phoenix, AZ, and P. John Owen, Morrison & Hecker, Kansas City, MO, for Defendants Robert C. and Josephine Gordon, James M. and Jane Doe Osborn, and James D. and Jane Doe Plummer, Co–Counsel for Defendants Oxford Construction Company, Whiteheads, Falks and Pawars, and Liaison Counsel for Defendants.

Paul G. Johnson, Sacks Tierney, P.A., Phoenix, AZ, for Estate of Richard Adams.

Marlow V. White, Lewis & White, L.C., Tallahassee, FL, for Padgett.

James J. Tancredi, Day, Berry & Howard, Hartford, CT, for Kroll.

Robert R. Kinas, Snell & Wilmer, Phoenix, AZ, for Whitehead.

Tracy A. Marlow, Old Greenwich, CT, for Katz.

Robert K. Larson, Riordan, Larson, Bruckert & Moore, Chicago, IL, Co–Counsel for Read.

Dianne J. Kliebard, Beigel, Schy, Lasky, Cohen, Rifkind & Hennessey, Chicago, IL, for Daniel Schein.

Donald W. Powell, Carmichael & Powell, P.C., Phoenix, AZ, for Mr. and Mrs. Lee Gordon.

Howard I. Camhi, Greenberg & Bass, Encino, CA, for Craig Stevens.

Raymond M. Hunter, Frazer, Ryan, Goldberg & Hunger, L.L.P., Phoenix, AZ, for John R. and Jane Doe Woillard.

William Novotny, Mariscal, Weeks, McIntyre & Friedlander, Phoenix, AZ, for Defendants Michael Falk, the Estate of Charles Falk, Michael A. Christopoulos, Lewis and Vicki Solmon, Patricia A. Jackson and Paul G. Jackson.

## ORDER

GEORGE B. NIELSEN, Jr., Chief Judge.

Defendants Oxford Construction Company, et al. have moved for reconsideration of the order of September 1, 1994, denying summary judgment.[1] Plaintiff/debtor Western Group Nurseries, Inc. ("WGN") opposes reconsideration. The motion is denied.

The defendants are limited partners of Arizona World Nurseries Limited Partnership ("Arizona World"). This litigation is one of a series of suits brought in state and federal courts across the country, seeking recovery on a defaulted secured recourse note dated December 31, 1984.

### I

Movants note when initially raising their statute of limitations defense, they argued for application of New York law. The Pawar defendants asserted an alternative argument that Arizona law controlled this issue. Debtor argued for applicability of Arizona law with its favorable tolling provisions for nonresidents. Movants' memorandum at 2, Docket No. 404. The Court adopted debtors' view and refused to dismiss this adversary on New York statute of limitations grounds. Hearing Minutes, Sept. 1, 1994, Docket 146.

Oxford, et al. asserts the Court determined New York law applies to substantive issues. In all contractual stipulations the parties entered, the choice of law provisions select New York law.

Movants concede the agreements are silent on which state's statute of limitations applies. They note the Court relied on the common law principle that limitation periods are gov-

---

1. The motion is joined by defendants Stevens, et al. Adversary Dockets 415, 416.

erned by local law, even if the substantive law of another jurisdiction applies.

Defendants argue this analysis does not go far enough. In determining conflict issues, Arizona adopts the *Restatement (Second), Conflict of Laws.* Under the Restatement, New York law governs, defendants urge.

Section 187(1) of the *Restatement (Second), Conflict of Laws* provides: "The law of the state chosen by the parties to govern their contractual rights and duties will be applied if the particular issue is one which the parties could have resolved by an explicit provision in their agreement directed to that issue."

Section 187 applies where parties, by contract, choose a particular state's law to govern rights and duties under the agreement. It provides that the law selected applies, if the issue is one the parties could have resolved by an explicit provision in their agreement.

Here, the parties stipulated to New York law. Because Arizona follows the *Restatement,* application of the New York statute of limitations is mandated, defendants argue.

They note the Court relied on a Ninth Circuit case, *Des Brisay v. Goldfield Corp.,* 637 F.2d 680, 682 (9th Cir.1981), for the propositions that an intention to select a particular limitations statute should be clearly expressed and choice of law clauses do not generally contemplate statutes of limitation. *Des Brisay* approved application of the Washington statute of limitations to a securities agreement that recited it was governed by Canadian law. *Id.* However, this analysis does not contemplate application of section 187, Oxford argues. Under section 187, if the parties could have resolved the issue by expressly so providing, then the contract's chosen law governs limitations issues.

In *Brandler v. Manuel Trevizo Hay Co.,* 154 Ariz. 96, 99, 740 P.2d 958, 959 (Ariz.Ct. App.1987), the court used the traditional analysis of Restatement sections 142 and 143, concluding an action is only barred by the forum's statute of limitations. 740 P.2d at 959. *Brandler* required application of the Arizona limitations statute, although the California Worker's Compensation Act governed the claim. *Id.* Former sections 142 and 143 provide the limitations period is determined by the forum's law. Current section 142, however, sets rules for determining the applicable statute of limitations more akin to other methods of analyzing choice of law issues.

Section 142 of the *Restatement* now provides:

Whether a claim will be maintained against the defense of the statute of limitations is determined under the principles stated ... unless the exceptional circumstances of the case make such a result unreasonable:

(1) The forum will apply its own statute of limitations barring the claim.

(2) The forum will apply its own statute of limitations permitting the claim unless:

(a) maintenance of the claim would serve no substantial interest ...; and

(b) the claim would be barred under the statute of limitations of a state having a more significant relationship to the parties ....

"[A] claim will not be maintained if it is barred by the statute of limitations of the state which, with respect to the issue of limitations, is the state of most significant relationship to the occurrence and the parties under the principles stated in § 6." § 142, comment (e).

Section 6 of the *Restatement* establishes factors to determine choice of law issues. These factors include the needs of national and international systems, the forum state's relevant policies, the relevant policies of other interested states; the protection of justified expectations; the basic policies underlying the particular legal field, certainty, predictability, and uniformity of result in the determination and application of the law.

Movants say if the Court chooses not to follow section 187, it should adopt section 142, as revised in 1988. Although no Arizona case has applied revised section 142, its application is proper because of Arizona's strong commitment to the *Restatement.* The Arizona Supreme Court would follow the revised section in future cases, movants state.

Under new section 142, a statute of limitations is no longer characterized as procedural and governed by forum law. Limitation issues are treated similar to other conflict of law issues. Comment (e) states a claim is governed by the statute of limitations of the state with most significant relationship to the occurrence and parties.

Defendants argue New York has the most significant relationship here. All negotiations and execution of documents occurred in New York. Money was exchanged there and the parties agreed the laws of New York controlled. Thus, New York is the chosen law for all issues.

## II

Plaintiff notes in the earlier round of briefing, defendants first argued New York law applied. Debtor responded. Defendant Pawar argued the Arizona statute controlled. All defendants, including movants, joined this argument. Debtor responded that Arizona statute was tolled. This Court found the suit was timely filed. Defendants now revert to their earlier New York argument. Plaintiff's response at 2–3, Docket No. 410.

Debtor says the Arizona statute applies. The Arizona rule is that statutes of limitation are procedural and governed by the forum state. *Monroe v. Wood*, 150 Ariz. 411, 724 P.2d 30, 31 (Ariz.1986). The Ninth Circuit accepts Arizona's use of its statute of limitations, although Arizona uses a most significant contact test when applying substantive law. Debtor also cites an Arizona District Court case for the proposition that statutes of limitation are procedural. *Resolution Trust Corp. v. Olson*, 768 F.Supp. 283 (D.Ariz.1991).

Movants suggest that because the parties could have chosen the New York statute, this Court should ignore established Arizona law and undertake an "interest analysis" to determine which law applies. Defendants fail to cite any Arizona case that adopts such a standard. *Monroe* was decided by the Arizona Supreme Court almost 20 years after the interest analysis test was first devised. The fact *Monroe* did not deviate from the longstanding Arizona practice of applying its own statute is significant, debtor believes. *See* 724 P.2d at 31.

*Brandler, supra*, recognized Arizona applies its own statute, yet did review the interest analysis test. 740 P.2d at 960–62. The Arizona Court of Appeals held that even applying the interest analysis, the Arizona statute would be used in that case. *Id.* at 959. Thus, without changing the standard, *Brandler* applied the Arizona statute.

Debtor notes the parties did not expressly choose the New York limitations statute. This lawsuit concerns the limited partners' assumption of Arizona World's liability. There is no contract signed by World or WGN, as creditor, and the limited partner defendants. These limited partners are sureties. While disputes between the contracting parties are governed by substantive New York law, there is no agreement that a dispute between the note holder and the sureties implicates New York law.

■ The security agreements provide jurisdiction lies in New York or where the debtor or collateral is found. The collateral, consisting of the nursery and the partnership note, is located in Arizona. Arizona World is an Arizona limited partnership. Not only did the parties fail to choose the New York statute of limitations, they also specifically contemplated Arizona could be the forum. The sellers are Arizona residents. There was a clear possibility they would enforce their rights in Arizona collateral here. Plaintiff alleges movants are not New York residents and only one of the 45 defendants is a New York resident. Docket No. 410, at 12 n. 8. Defendants chose to purchase an interest in an Arizona limited partnership holding Arizona assets. *Id.* Accordingly, Arizona has a significant connection to the litigation, debtor believes. This Court agrees.

## III

Movants reply that debtor's opposition assumes Arizona courts confine their analysis of applicable limitation statutes to a superseded version of the *Restatement*. Original section 142 embodies the anachronistic substantive/procedural distinctions in the *Restatement's* predecessor.

In 1988, the *Restatement* was amended, substituting current section 142 for prior sections 142 and 143. That critical change made limitations analysis consistent with the broad interest analysis or the significant relationship tests employed in the revised *Restatement*, movants urge.

## IV

■ The federal rules do not contemplate motions for reconsideration. *Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir.1979); *In re Morrison*, 26 B.R. 57, 60 (Bankr.N.D.Ohio 1982). However, there is a policy of liberally construing rules to promote fairness in the administration and determination of litigation. Motions for reconsideration are traditionally treated as motions to alter or amend under Rule 59(e), *Fed.R.Civ.P.*, if the motion questions the correctness of the original decision. *Determan v. Sandoval (In re Sandoval)*, 186 B.R. 490, 493 (9th Cir. BAP 1995); *Hansen v. Finn (In re Curry and Sorensen, Inc.)*, 57 B.R. 824, 827 (9th Cir. BAP 1986);

■ Rule 59 lists its grounds as any reasons for which new trials have traditionally been granted. *Fed.R.Civ.P.* 59(a). This is generally interpreted to provide three grounds: (1) manifest error of law; (2) manifest error of fact, and (3) newly discovered evidence. *Brown v. Wright*, 588 F.2d 708, 710 (9th Cir.1978).

■ In the present case, movants filed an untimely motion to reconsider. For that reason alone the motion is denied. Dealing with the merits, it appears movants are asserting a manifest error of law. They are incorrect.

## V

■ Movants want the Court to reconsider a ruling made on September 1, 1994, that the Arizona law governs the limitations issue. The motion's premise is that since Arizona follows the *Restatement*, the Arizona Supreme Court will adopt the revised *Restatement's* significant interests or significant relationship test in future cases. Under this test, movants allege New York law applies.

Agreements often contain:
standard choice of law clause[s] for ... interpretation of a contract. Such clauses generally do not contemplate application to statutes of limitation. Limitation periods are usually considered to be related to judicial administration and thus governed by the rules of local law, even if the substantive law of another jurisdiction applies.... [T]he intention of the parties to contractually agree upon a limitations period should be clearly expressed....

*Des Brisay*, 637 F.2d at 682.

■ The Arizona Court of Appeals had an opportunity to construe both the traditional and interest analysis tests. That court noted: "Although Arizona courts have used interest analysis to resolve conflicts among general tort laws, the parties cite no Arizona decision using interest analysis to resolve conflicts among statutes of limitation." *Brandler, supra*, 740 P.2d at 961. The court observed no recent Arizona cases had held *Strickland v. Watt*, 453 F.2d 393 (9th Cir. 1972) was incorrect. The traditional rule that statutes of limitation are procedural and governed by the law of the forum, thus continues to be the Arizona rule. *Id.* at 961. *See also Santana v. Holiday Inns, Inc.*, 686 F.2d 736, 738 (9th Cir.1982) (noting Arizona adopts the general rule that statutes of limitation are determined by forum law and reaffirming *Strickland*). Generally, Arizona applies its own statute of limitations when there is a conflict between its statute and that of a sister state. *Eschenhagen v. Zika*, 144 Ariz. 213, 696 P.2d 1362, 1365 (Ariz.Ct.App.1985).

Accordingly, this Court will apply the Arizona procedural statute of limitations to this litigation. Defendants' reconsideration motion is denied.