952 P.2d 320

Kevin G. DeLOACH and Yvonne DeLoach, husband and wife, Petitioners,

v.

The Honorable Michael ALFRED, a Judge of the Superior Court of the State of Arizona, County of Pima, Respondent,

and

Kevin E. HAMBLIN, a single person, Real Party in Interest.

No. 2 CA–SA 97–0071.

Court of Appeals of Arizona, Division 2, Department B.

Sept. 23, 1997.

Review Granted March 17, 1998.

Chandler, Tullar, Udall & Redhair, LLP, by D.B. Udall and Christopher R. Pennison, Tucson, for Petitioners.

King, Frisch & Allen, P.C. by Ron Allen, Tucson, for Real Party in Interest.

## OPINION

HOWARD, Judge.

Petitioners Kevin and Yvonne De-Loach, defendants in the underlying tort action that arose out of an automobile accident in Tennessee, seek special action review of the respondent trial court's denial of their motion for summary judgment. The motion was based on the running of Tennessee's one-year statute of limitations. We have accepted jurisdiction of the special action because it raises only an issue of law, the issue is of statewide importance, and our resolution of the issue ends the litigation. *Sanchez v. Coxon,* 175 Ariz. 93, 854 P.2d 126 (1993).

Real party in interest Kevin Hamblin, a California resident, was involved in an auto accident in Tennessee on June 19, 1994. He filed the underlying action in Arizona on June 19, 1996, naming as defendants Budget Rent-A-Car of Memphis, whose principal place of business is Tennessee; Wilbert Moore and his wife, Tennessee residents; and the DeLoaches, Arizona residents. Budget has apparently been dismissed from the action, and counsel conceded at oral argument in this special action that the Moores remain parties.

The DeLoaches filed a motion for summary judgment based on the one-year statute of limitations for tort actions in Tennessee. Tenn.Code Ann. § 28–3–104. They argued that the locus of the accident, rather than the forum, determines which statute of limitations applies. Hamblin opposed the motion, urging the trial court to apply this state's two-year statute of limitations. A.R.S. § 12–542. He argued that Arizona applies its own law to procedural matters and that both Arizona's and Tennessee's limitation provisions are procedural. The

trial court agreed and denied the motion for summary judgment.

In general, jurisdictions use one of two approaches to decide choice of law questions involving conflicting statutes of limitations. Under the traditional approach, statutes of limitation are viewed as presumptively procedural, in which case the law of the forum applies. Arizona has historically applied this approach, *Eschenhagen v. Zika,* 144 Ariz. 213, 696 P.2d 1362 (App.1985); *State of Michigan v. First National Bank of Arizona,* 17 Ariz.App. 45, 495 P.2d 485 (1972), which was also the approach adopted in §§ 142 and 143 of the Restatement (Second) of Conflict of Laws (1971), before they were revised in 1988. The unrevised sections provided:

> § 142.   Statute of Limitations of Forum
>
> (1) An action will not be maintained if it is barred by the statute of limitations of the forum, including a provision borrowing the statute of limitations of another state.
>
> (2) An action will be maintained if it is not barred by the statute of limitations of the forum, even though it would be barred by the statute of limitations of another state, except as stated in § 143.
>
> § 143.   Foreign Statute of Limitations Barring the Right
>
> An action will not be entertained in another state if it is barred in the state of the otherwise applicable law by a statute of limitations which bars the right and not merely the remedy.

To apply these sections, a court must determine whether the statute of limitations of another state is substantive or procedural, not always an easy task.

The traditional, substantive/procedural approach has been the subject of much criticism. *See, e.g., Keeton v. Hustler Magazine, Inc.,* 131 N.H. 6, 549 A.2d 1187 (1988) (Souter, J., dissenting); *see also* Barry Ravech, *Civil Procedure—Conflicts of Law—Statutes of Limitations,* 80 Mass.L.Rev. 126 (1995); Louise Weinberg, *Choosing Law: The Limitations Debates,* 1991 U.Ill.L.Rev. 683. Jurisdictions thus began adopting what has been referred to as the interest analysis approach,

which was ultimately adopted in the 1988 revision of the Restatement. The revision eliminated § 143 and provides as follows in revised § 142:

Whether a claim will be maintained against the defense of the statute of limitations is determined under the principles stated in § 6. In general, unless the exceptional circumstances of the case make such a result unreasonable:

(1) The forum will apply its own statute of limitations barring the claim.

(2) The forum will apply its own statute of limitations permitting the claim unless:

(a) maintenance of the claim would serve no substantial interest of the forum; and

(b) the claim would be barred under the statute of limitations of a state having a more significant relationship to the parties and the occurrence.

Under the interest analysis approach, a court analyzes the conflict between limitations as it would other conflict-of-law issues. *Id. See also* Margaret Ross Grossman, *Statutes of Limitations and the Conflict of Laws: Modern Analysis,* 1980 Ariz. St. L.J. 1.

As previously stated, Arizona historically has applied the traditional approach. *See Monroe v. Wood,* 150 Ariz. 411, 724 P.2d 30 (1986); *Ross v. Ross,* 96 Ariz. 249, 393 P.2d 933 (1964); *Brandler v. Manuel Trevizo Hay Co.,* 154 Ariz. 96, 740 P.2d 958 (App.1987); *First National Bank; Weller v. Weller,* 14 Ariz.App. 42, 480 P.2d 379 (1971). In *Brandler,* however, Division One of this court discussed the two approaches, without deciding which this state should follow, presumably because the outcome there was the same regardless of which approach was used. We note, moreover, that at the time *Brandler*

was decided, the Restatement had not yet been revised. Here, the issue has been placed squarely before us, and the outcome depends on the approach we choose.[1]

■ In deciding which approach to adopt, we rely, first, on the general principle that in the absence of prior decisions to the contrary, this state will follow the Restatement whenever applicable. *Jesik v. Maricopa County Community College Dist.,* 125 Ariz. 543, 611 P.2d 547 (1980); *Porter v. Porter,* 101 Ariz. 131, 416 P.2d 564 (1966); *MacNeil v. Perkins,* 84 Ariz. 74, 324 P.2d 211 (1958); *Bristor v. Cheatham,* 75 Ariz. 227, 255 P.2d 173 (1953); *Ingalls v. Neidlinger,* 70 Ariz. 40, 216 P.2d 387 (1950); *Mott v. Eddins,* 151 Ariz. 54, 725 P.2d 761 (App.1986). "One of the reasons, if not the main reason that we follow the Restatement in the absence of prior Arizona decisions, is that the Restatement is supposed to represent the general law on the subject in the United States." *Cannon v. Dunn,* 145 Ariz. 115, 116, 700 P.2d 502, 503 (App.1985).

Neither *Monroe* nor *Ross* decided the issue that is before us. *Monroe,* involved application of A.R.S. § 12–507, Arizona's borrowing statute. *See* n. 5, *infra.* And, *Monroe,* like *Brandler,* was decided before the Restatement was revised. Although the court in *Monroe* stated that the traditional rule was the law in Arizona, that law was based on the 1971 version of the Restatement. *Ross,* a contract action, was decided in 1964, before the 1971 version of the Restatement and well before *Monroe.*

■ The question, then, is whether we should adopt the revised version of the Restatement.[2] Notwithstanding the general

---

1. It is unclear whether the respondent trial court applied Arizona's statute of limitations because it considers all limitation provisions procedural or because it concluded that the provisions of Tennessee and Arizona may be characterized as such. Under the traditional test, however, the court's choice of Arizona's statute was probably correct. *See Monroe v. Wood,* 150 Ariz. 411, 724 P.2d 30 (1986); *see also Brandler v. Manuel Trevizo Hay Co.,* 154 Ariz. 96, 740 P.2d 958 (App.1987), *which relied on Hodge v. Southern Railway Company,* 415 A.2d 543 (D.C.App.1980).

2. It is axiomatic that when we do adopt the Restatement, we follow the most recent version. *See, e.g., Nanini v. Nanini,* 166 Ariz. 287, 802 P.2d 438 (App.1990) (applying 1988 version of Restatement (Second) Conflicts of Law § 187(1) to determine whether Illinois or Arizona law should apply to the interpretation of a contract). Indeed, it is reasonable to apply a revised provision where the prior provision had already been adopted. We acknowledge, however, that adoption of one provision of the Restatement is not to be construed as adoption of a separate provision. *See Ft. Lowell–NSS Limited Partnership v. Kelly,*

rule that we will follow the Restatement, we will not do so blindly. *See Small v. Ellis,* 90 Ariz. 194, 367 P.2d 234 (1961).

We find Justice Souter's dissent in *Keeton* persuasive. He pointed out that an evaluation based on the presumption that a limitation provision is procedural unless it " 'extinguishes a right' " or is "an inherent part of a statutory scheme creating a right," 549 A.2d at 1198, *quoting Gordon v. Gordon,* 118 N.H. 356, 360, 387 A.2d 339, 342 (1978), usually results in a determination that the provision is procedural and a mechanical application of the law of the forum. He wrote:

> [I]n the practical world served by the law ... a plaintiff is concerned with a right only insofar as it may be asserted as a right of action, and a right of action endures entirely at the sufferance of the defendant who can demonstrate an expired limitation period. Thus, the most that can be said from drawing any right-remedy distinction in this context is that the elements of causes of action in tort and contract do not customarily require a plaintiff to plead and prove in the first instance that the litigation is timely, and a defendant who would rely on a plaintiff's untimeliness must plead the expired limitation period as an affirmative defense. But there is no significance in this. Exactly the same thing is true, for example, when a defendant seeks to plead self-defense to an assault charge ... but no one would seriously suggest that the law of self-defense is merely remedial or procedural, and not substantive.... Because, indeed, the statute of limitations can function as such a dispositive defense, the fallacy of dismissing it as merely remedial is just as clear now as it was twenty years ago, when Professor Leflar mildly observed that a right without a remedy is not much of a right. R. Leflar, *American Conflicts Law* § 127, at 304 (1968).

549 A.2d at 1198–99 (citations omitted). Justice Souter also expressed great concern in his dissent that the traditional approach provides litigants with the opportunity to forum shop, viewing that as precisely what had occurred in *Keeton. Id. See also Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984) (New York resident sued Ohio corporation with principal place of business in California in New Hampshire, where defendant had minimal contacts and the statute of limitations had not yet run); *Cowan v. Ford Motor Co.,* 694 F.2d 104 (5th Cir.1982) (action arose entirely out-of-state; neither party resided in the state; but defendant had contacts with state and its statute of limitations had not yet run). Justice Souter advocated adoption of the interest analysis approach, which looks to the relationship the parties have to the conflicting jurisdictions. He also noted with approval that the American Law Institute was in the process of revising Restatement §§ 142 and 143.

In a thoughtful decision, the Supreme Judicial Court of Massachusetts expressly abandoned the traditional approach for the interest analysis approach of revised § 142, noting that the focus should be on the state that has the more significant relationship to the occurrence and the parties. *New England Telephone & Telegraph Co. v. Gourdeau Construction Co.,* 419 Mass. 658, 647 N.E.2d 42 (1995). *See also Celotex Corp. v. Meehan,* 523 So.2d 141 (Fla.1988); *Dabbs v. Silver Eagle Manufacturing, Inc.,* 98 Or. App. 581, 779 P.2d 1104 (1989). In *Gourdeau,* the court held that "for the future ... this court's treatment of the application of statutes of limitations as procedural will no longer be continued. The certainty of the traditional answer as to which statute of limitations to apply does not justify a refusal to apply the statute of limitations of another jurisdiction in particular circumstances." 647 N.E.2d at 46. *See also Weinberg, supra,* at 691–92 (a forum with scant connection to the parties or the dispute has no interest in applying its longer limitation period to revive an otherwise time-barred claim simply because it regards its limitation provision as procedural). Having considered the arguments on both approaches, we conclude that the interest analysis approach in revised

166 Ariz. 96, 800 P.2d 962 (1990) (where it was arguable that only Restatement (Second) of Torts § 422(a) (1965) had been adopted in Arizona, court had to decide whether to adopt section 422(b)).

§ 142 is the most sensible. Moreover, we believe it will reduce egregious instances of forum shopping.

■ We now turn to the application of revised § 142 to this case,[3] which first requires consideration of § 6 of the 1971 version of the Restatement, the general choice-of-law provision.[4] This section essentially codifies the significant relationship test. *See* Cmt. c to § 6, reiterated in revised § 142(2)(b). Paragraph 1 of revised § 142 is inapplicable because Arizona's two-year statute of limitations does not bar the action. Paragraph 2(a) requires that we apply Arizona's statute because it is the forum state, unless maintaining the claim would serve "no substantial interest" and, under 2(b), "the claim would be barred under the statute of limitations of a state having a more significant relationship to the parties and the occurrence." With respect to paragraph 2(a), comment g instructs that "the forum should not entertain a claim when doing so would not advance any local interest and would frustrate the policy of the state with a closer connection with the case and whose statute of limitations would bar the claim." This reveals that the two subsections are somewhat intertwined. *See also Gourdeau.*

■ Whether an injured resident of this state is able to seek redress for that resident's injuries is of primary concern in determining whether a state has a substantial interest in a case. *Bryant v. Silverman*, 146 Ariz. 41, 703 P.2d 1190 (1985); *see also Wendelken v. Superior Court*, 137 Ariz. 455, 671 P.2d 896 (1983) (state where plaintiff and defendant reside has a strong interest in

making plaintiff whole). Thus, the court in *Bryant* found that Arizona had a strong interest in an action arising out of a plane crash that occurred in Colorado because a decedent, his beneficiaries, and the defendant were all domiciled in Arizona. We can see no substantial interest of this state that would be served by allowing a case involving a foreign plaintiff and a foreign defendant to proceed here against a state resident. The accident occurred in Tennessee, the plaintiff is a California resident, and the remaining defendants, other than the DeLoaches, are residents of Tennessee. On these facts alone, Arizona's relationship to the parties and the occurrence is not nearly as significant as Tennessee's. That state's one-year statute of limitations reflects its policy decision that personal injury claims can quickly become stale and should, therefore, be asserted within one year. Application of a two-year limitation period would frustrate the policy of the state with a more significant relationship to the action and the parties.

Hamblin points to one of the illustrations in comment g to revised § 142 to support his argument that, even under the interest analysis approach, Arizona's statute of limitations applies. He fails to see the distinction between the scenario in the illustration and this situation. The comment concludes that when an accident occurs in state Y between a resident of states X and Z, either states X or Z can entertain the claim even if barred by the statute of limitations in Y. Here, there is an additional factor that makes state Y, in this case, Tennessee, the state with the more significant relationship to the parties and the

---

3. We note that Hamblin suggested at oral argument that if this court adopts the revised Restatement, we should remand this matter to the respondent trial court so it can consider the facts of this case under that analysis. Remand is unnecessary. The facts are undisputed, and the issue can be determined on this record as a matter of law. It is therefore unnecessary for the trial court to determine which state has the more significant relationship to the parties.

4. Section 6 provides:

(1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.

(2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include

(a) the needs of the interstate and international systems,

(b) the relevant policies of the forum,

(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,

(d) the protection of justified expectations,

(e) the basic policies underlying the particular field of law,

(f) certainty, predictability and uniformity of result, and

(g) ease in the determination and application of the law to be applied.

occurrence: other defendants who are not residents of X (California) and Z (Arizona), but of Tennessee. Even if we were to decide that, as to the DeLoaches, there was at least some basis for applying this state's statute of limitations, we question how it could reasonably be applied to the remaining Tennessee defendants, against whom the action is barred under the provision of their own state, the state where the accident occurred. We therefore conclude that, based on revised § 142 and the undisputed facts of this case, Tennessee's one-year limitation provision applies and bars the complaint filed in Arizona on June 19, 1996.[5]

Accordingly, we grant special action relief, reverse the respondent trial court's denial of the DeLoaches' motion for summary judgment, and order the court to dismiss Hamblin's tort action.

DRUKE, C.J., and ESPINOSA, J., concur.

---

**5.** Comment b to § 142 refers to "borrowing statutes" and their impact on the choice of limitation provision. We need not address the impact of A.R.S. § 12–506, this state's borrowing statute, to which the DeLoaches referred in their reply to the motion for summary judgment. It is inapplicable, pertaining to barring an action "against a person removing to this state from another state ... to recover upon an action which was barred by the law of limitations of the state ... from which he migrated." Nor does § 12–507 apply; it provides that a claim against a person who moves to this state that arose before the move cannot be barred by the statute of limitations here until the person has lived in this state for one year unless the claim was already time-barred under the foreign jurisdiction's limitation provision at the time of move.