960 P.2d 628

**Kevin G. DeLOACH and Yvonne Deloach, husband and wife, Petitioners.**

**v.**

**Hon. Michael ALFRED, a Judge of the Superior Court of the State of Arizona, County of Pima, Respondent,**

**Kevin E. Hamblin, Real Party in Interest.**

**No. CV–97–0484–PR.**

Supreme Court of Arizona, En Banc.

June 9, 1998.

Chandler, Tullar, Udall & Redhair Tucson by D. Burr Udall, Christopher R. Pennison for Petitioners.

King Frisch & Allen, P.C. Tucson by Ronald N. Allen, for Real Party in Interest.

## OPINION

FELDMAN, Justice.

¶1 We granted review to determine which state's statute of limitations applies to an Arizona case arising out of a Tennessee automobile accident. The plaintiff is a California resident; one defendant is an Arizona resident, and the other a Tennessee resident. We have jurisdiction pursuant to Ariz. Const. art. VI, § 5(3).

## FACTS AND PROCEDURAL BACKGROUND

¶2 The facts are undisputed. Kevin Hamblin ("Plaintiff"), a California resident, was injured in a June 19, 1994, automobile accident in Tennessee. He was a passenger in a car operated by Kevin DeLoach that collided with a car owned by Budget Rent–A–Car and driven by William Moore. On June 19, 1996, Plaintiff filed the tort action in Arizona against Budget Rent–A–Car of Memphis, Moore and his wife, both Tennessee residents, and DeLoach and his wife ("Petitioners"), both Arizona residents. Budget has been dismissed from the action. The Moores have neither answered nor otherwise appeared.

¶3 Petitioners filed a motion for summary judgment based on Tennessee's one-year statute of limitations for tort actions. Tenn.Code Ann. § 28–3–104. They argued that the locus of the accident, rather than the forum, determines which statute of limitations applies. Plaintiff opposed the motion, urging the trial judge to apply this state's two-year statute of limitations to his claim against Petitioners. A.R.S. § 12–542. He

argued that Arizona applies its own law to procedural matters such as limitations provisions. The judge agreed and denied the motion for summary judgment. The court of appeals thereafter accepted jurisdiction of Petitioners' request for special action relief.

¶4 The threshold question concerned the proper analysis for deciding which statute of limitations applied. There are at least three approaches to deciding choice of law questions involving conflicting statutes of limitations. Under the traditional approach, statutes of limitations are viewed as presumptively procedural, in which case the law of the forum applies. Arizona has historically applied this approach. *See, e.g., Eschenhagen v. Zika,* 144 Ariz. 213, 696 P.2d 1362 (App.1985). This approach was adopted in RESTATEMENT (SECOND) OF CONFLICT OF LAWS §§ 142 and 143 (1971) (hereafter RESTATEMENT). The RESTATEMENT was revised in 1988, however, to employ a type of interest analysis approach recognized by the drafters as the "emerging trend" among courts.[1] Under that approach, a court must analyze conflicts between statutes of limitations, emphasizing the significance of the relationship between the forum and the claims. *See* RESTATEMENT § 142 (1988) (citing RESTATEMENT OF CONFLICT OF LAWS § 6 (1971)); *New England Tel. & Tel. Co. v. Gourdeau Constr. Co.,* 419 Mass. 658, 647 N.E.2d 42 (1995). A third approach exists under Uniform Conflict of Laws–Limitations Act § 2. Under that act, not adopted in Arizona, if a claim is substantively based on the law of another state, the limitations period of that state applies. *See, e.g., Ellis v. Barto,* 82 Wash. App. 454, 918 P.2d 540, 542 (1996). The court of appeals followed the interest analysis approach of revised RESTATEMENT § 142. *DeLoach v. Alfred,* 191 Ariz. 82, 85–86, 952 P.2d 320, 323–24 (App.1997). The parties do not challenge the use of that section.

¶5 Applying revised section 142 to the facts in this case, the court of appeals concluded that Arizona has no substantial interest in the case, Tennessee's relationship to

---

1. *See* RESTATEMENT § 142 cmt. e. There was a great deal of judicial and academic criticism of the traditional "mechanical" rule of *lex fori,* which preceded the 1988 revision. *See Keeton v. Hustler Magazine, Inc.,* 131 N.H. 6, 549 A.2d 1187, 1198–1201 (1988) (Souter, J., dissenting).

the accident is more significant, and application of Arizona's statute of limitations would frustrate Tennessee's policy. *Id.* at 86, 952 P.2d at 324. Plaintiff advanced three issues in his petition for review, but we granted review on the third issue only: whether "the court of appeals erred in its [application] of the Restatement."

## DISCUSSION

■ ¶ 6 We note as a very important preliminary matter that the Tennessee defendants are not involved in this litigation. The Moores were named as defendants and were served with process in Tennessee but have neither answered nor otherwise appeared in the action. Although this action was pending in the trial court for seven months or more, the Moores did nothing to manifest consent to Arizona jurisdiction. On the record before us, the Moores have either settled or are most certainly not subject to personal jurisdiction in Arizona.[2] They did not object to and have not challenged the trial court's application of the Arizona statute of limitations. The Moores were not parties to the special action brought by Petitioners in the court of appeals; nor are they parties to this petition for review. Given their nonappearance and the apparent lack of personal jurisdiction over them, we believe the Moores' interests are not affected by and are not relevant to our decision on choice of law. The persons affected are Plaintiff, the California resident who chose this forum, and Petitioners, Arizona residents.[3]

¶ 7 Revised RESTATEMENT § 142 provides:

**2.** "There are three types of activities by a defendant which may allow a court to assert personal jurisdiction over that defendant: (1) consent; (2) presence in the forum; (3) causing effects in the forum." *Morgan Bank (Delaware) v. Wilson,* 164 Ariz. 535, 536, 794 P.2d 959, 960 (App.1990). On the record before us, none of these activities is implicated, and Petitioners do not claim any of these factors exist.

**3.** We therefore do not address what result would obtain were the Moores parties to this action.

**4.** RESTATEMENT § 6 provides:
(1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.

Whether a claim will be maintained against the defense of the statute of limitations is determined under the principles stated in § 6. *In general,* unless the exceptional circumstances of the case make such a result unreasonable:

(1) *The forum will apply its own statute of limitations barring the claim.*

(2) *The forum will apply its own statute of limitations permitting the claim unless:*

    (a) maintenance of the claim would serve no substantial interest of the forum; *and*

    (b) the claim would be barred under the statute of limitations of a state having a more significant relationship to the parties and the occurrence.

(Emphasis added.) The general rule stated by section 142 is very clear: as a starting point, the forum's statute of limitations applies.

¶ 8 As the court of appeals explained, the revised RESTATEMENT displaced the traditional substantive/procedural analysis concerning statutes of limitations with the choice of law interest factor analysis stated in section 6.[4] *DeLoach,* 191 Ariz. at 86, 952 P.2d at 324. However, the court failed to recognize that section 142 does not simply import the pure interest analysis of section 6. Rather, revised section 142 begins with the *general rule* that the limitations period of the forum will apply, unless exceptional circumstances make such a result unreasonable and, in cases in which the claim will not be barred under the forum's statute, either of the conjunctive fac-

(2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include
(a) the needs of the interstate and international systems,
(b) the relevant policies of the forum,
(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
(d) the protection of justified expectations,
(e) the basic policies underlying the particular field of law,
(f) certainty, predictability and uniformity of result, and
(g) ease in the determination and application of the law to be applied.

tors stated in section 142(2) is not satisfied. *See New England Tel.*, 647 N.E.2d at 45. Rather than conducting a pure "significant relationship" analysis, the Massachusetts Supreme Judicial Court held that under RESTATEMENT § 142(2)(a), "Massachusetts should apply its own statute of limitations permitting a claim to be asserted unless 'maintenance of the claim would serve no substantial interest of [Massachusetts].'" *Id.*

¶ 9  With this understanding, we turn to applying the current RESTATEMENT rule to the facts in this case. We must determine whether the general rule applying the forum's statute of limitations obtains, whether there exist exceptional circumstances, or whether the two factors mentioned in section 142(2) would require application of Tennessee's shorter statute. Comment g to revised section 142 is instructive:

The forum will entertain a claim that is not barred by its statute of limitations, but is barred by the statute of limitations of one or more other states, in situations where allowing the claim would advance a substantial forum interest and would not seriously impinge upon the interests of other states.... There are also situations where the forum will entertain an action that is not barred by its statute of limitations even though the forum is not the state of most significant relationship to other issues. Suppose, for example, that two domiciliaries of state X are involved in an automobile accident in state Y. In this case, the local law of state Y may govern substantive issues in the case under the rule stated in § 146. Yet it would be appropriate for an X court to entertain the claim if it was not barred by the X statute of limitations even though it would be barred by the Y statute. Entertainment of the claim under such circumstances would not violate any Y policy and might further the policy of X. *The same would be true if the accident in state Y [Tennessee] had involved domiciliaries of states X and Z [California and Arizona] and, although the statute of limitations had run in Y, it had not done so in either X or Z. In such a case, it would be appropriate for a court of either X or Z to entertain the claim.* (Emphasis added.)

¶ 10  The operative facts of our case are nearly indistinguishable from the emphasized example provided in the comment. The court of appeals, however, believed that naming the Moores as defendants was determinative. Applying RESTATEMENT § 142(2)(b), the court held:

We can see no substantial interest of this state that would be served by allowing a case involving a foreign plaintiff and a foreign defendant to proceed here against a state resident. The accident occurred in Tennessee, the plaintiff is a California resident, and the remaining defendants, other than the DeLoaches, are residents of Tennessee. On these facts alone, Arizona's relationship to the parties and the occurrence is not nearly as significant as Tennessee's. That state's one-year statute of limitations reflects its policy decision that personal injury claims can quickly become stale and should, therefore, be asserted within one year. Application of a two-year limitation period would frustrate the policy of the state with a more significant relationship to the action and the parties.

*DeLoach*, 191 Ariz. at 86, 952 P.2d at 324. But we have recognized, to the contrary, that the state of injury does *not* have a significant interest in the question of compensation when the injured party is a non-resident. *Bryant v. Silverman*, 146 Ariz. 41, 45, 703 P.2d 1190, 1194 (1985) ("the state where the injury occurs does *not* have a strong interest in compensation if the injured plaintiff is a non-resident."). In this case, Tennessee's only interest arises from its policy of barring what it considers to be stale claims in actions against Tennessee residents. But the action against the Tennessee residents is barred if brought in Tennessee and cannot be maintained in Arizona for lack of in personam jurisdiction. We do not believe the mere fact that the Moores were named in the action is determinative.

¶ 11  We also disagree with the court of appeals' conclusion that Arizona has no significant interest in this case. Arizona's two-year statute reflects the substantial interest

underlying its policy requiring its citizens to answer for the harm they cause. *See Reben v. Ely*, 146 Ariz. 309, 311, 705 P.2d 1360, 1362 (App.1985) (purpose of law of torts is to afford one compensation for injuries resulting from another's conduct). Arizona courts have long recognized that, in addition to making injured plaintiffs whole, holding tortfeasors accountable also advances the important interest in deterring wrongful conduct. *See Bryant*, 146 Ariz. at 46, 703 P.2d at 1195; *Thompson v. Sun City Community Hosp., Inc.*, 141 Ariz. 597, 607, 688 P.2d 605, 615 (1984) (primary function of tort system is deterrence of negligent conduct). Further, we have long recognized that the state where the injury occurred "has less interest in deterrence and less ability to control behavior by deterrence ... than the state where the tortfeasor is domiciled." *Bryant*, 146 Ariz. at 45, 703 P.2d at 1194. Thus the policy of deterrence extends to providing a forum for redress against Arizona defendants for their negligent conduct outside the state. *Id.* at 45–46, 703 P.2d at 1194–95.

¶ 12 The court of appeals held that it would frustrate Tennessee policy to apply the lengthier Arizona limitations period. We fail to see how applying Arizona's limitations period will frustrate Tennessee's policy. A state's limitations period reflects that state's choice of when claims become stale and the time when defendants should no longer fear being sued. As noted, the Tennessee defendants can no longer be sued in Tennessee and on this record are not subject to personal jurisdiction in Arizona. We do not believe, therefore, that Tennessee policy is frustrated by application of the Arizona limitations period to this action between a California plaintiff and Arizona defendants.

■ ¶ 13 Finally, our general approach to limitations defenses is pertinent. We note that the "defense of statute of limitations is never favored by the courts...." *Gust, Rosenfeld & Henderson v. Prudential Ins. Co.*, 182 Ariz. 586, 590, 898 P.2d 964, 968 (1995). In addition, we observe that the legislature has expressed only limited interests in importing foreign statutes of limitations, demonstrated by the very narrow scope of our borrowing statute. *See* A.R.S. § 12–506

(barring claims against immigrants if claims were barred by foreign statute of limitations or released from payment by the bankruptcy or insolvency laws of the state or country from which they migrated); *see also New England Tel.*, 647 N.E.2d at 45 ("The legislative decision to enact only a limited exception to the general common law rule is entitled to weight as a statement of the Commonwealth's policy interests.").

¶ 14 Because Arizona's interest in the case is at least as substantial and as significant as Tennessee's, neither of the exceptions in section 142(2) is applicable. Under the revised RESTATEMENT formula, therefore, the general rule applying the forum's statute of limitations will apply absent exceptional circumstances making that result unreasonable. *See* RESTATEMENT § 142.

¶ 15 A good example of a situation presenting issues regarding significant interest or exceptional circumstances is *Keeton v. Hustler Magazine*, 131 N.H. 6, 549 A.2d 1187 (1988). Keeton, who did not reside in New Hampshire, filed a defamation case in the United States District Court for the District of New Hampshire "to collect damages from non-resident defendants for libel [committed] in fifty States and the District of Columbia, even though more than ninety-nine percent of the libelous magazines were circulated outside New Hampshire in jurisdictions whose own statutes of limitations, if applied, would all have barred the litigation as untimely." *Id.* 549 A.2d at 1197 (Souter, J., dissenting). Responding to a certified question from the United States Court of Appeals for the First Circuit, the Supreme Court of New Hampshire recognized that although the statute of limitations has been described as a procedural rule, it is different in character from other procedural rules. But even were an interest analysis applicable, the majority held that in cases in which New Hampshire was "either the domicile of one of the parties or the place where the cause of action arose" it "would not anticipate requiring a choice-influencing analysis." *Id.* at 1196.

¶ 16 Justice Souter's dissent, citing the proposed revision that is now RESTATEMENT § 142, makes a good case for not applying the procedural *lex fori* rule. He quite cor-

rectly bases his view on the fact that the action realistically arose in a foreign state. Because none of the parties was ever a resident of New Hampshire, Justice Souter believed that state had no "interest in either the parties, the events, or the litigation that justifies the application of its law as against the law of all other interested states." *Id.* at 1201. Our case is different. Of the two defendants, one is not subject to the jurisdiction of our courts and by failing to voluntarily appear has, of course, registered no objection to application of the Arizona statute of limitations. The only objection to applying the Arizona statute of limitations is from the Arizona residents. In our view, Arizona has a significant interest in applying the Arizona statute of limitations to claims brought in Arizona against Arizona residents.

¶ 17 This conclusion, we believe, is shared by the text of revised RESTATEMENT § 142 cmt. g, which states:

Turning to the other extreme, the forum should not entertain a claim when doing so would not advance any local interest and would frustrate the policy of a state with a closer connection with the case and whose statute of limitations would bar the claim. Thus, *the claim should not be entertained when the state of the forum has only a slight contact with the case and the parties are both domiciled in the alternative forum under whose statute of limitations the claim would be barred.*

(Emphasis added.)

¶ 18 Assuming also one could argue that inherent injustice or unfairness might be considered "exceptional circumstances," we note that permitting this case to go forward in Arizona is not unjust or unfair to the Arizona defendants. Petitioners cannot claim that application of Tennessee's substantive law on joint and several liability will subject them to liability in excess of what would be found in Arizona, whose statutes require computing the percentage of fault attributable to their conduct. *See* A.R.S. § 12–2506 (abolishing joint and several liability and creating a system of several liability). Any question of choice of law with respect to joint and several liability of multiple tortfeasors is moot because in Tennessee, as in Arizona, a tortfea-

sor is only severally liable for the percentage of damages attributable to his own fault and can affirmatively establish the fault of nonparties. *See McIntyre v. Balentine,* 833 S.W.2d 52, 57–58 (Tenn.1992); *cf.* A.R.S. § 12–2506. Thus, we see no exceptional circumstances in this case that will make the general rule applying the Arizona limitations period unreasonable.

¶ 19 Finally, applying the Arizona statute of limitations is entirely consistent with the choice of law factors enumerated in RESTATEMENT § 6. We have addressed factors (b) and (c) of section 6 (the relevant policies of the forum and the relevant policies and interests of Arizona and Tennessee) in our discussion of section § 142. Applying Arizona's limitations period also protects the justified expectations of the parties. *See* RESTATEMENT § 6(2)(d). Petitioners' expectation of being subject to legal action for their tortious conduct for two years under the Arizona statute and the Moores' expectation of repose after one year are satisfied. We also find that the basic policies underlying tort law—to deter wrongful conduct and compensate victims for their loss—are satisfied by permitting the action to go forward in Arizona. *See* RESTATEMENT § 6(2)(e). Finally, we observe that in this case the general rule of revised RESTATEMENT § 142 applying the statute of the forum produces certainty, predictability, and uniformity of result. *See* RESTATEMENT § 6(2)(f).

¶ 20 The parties raise and argue other issues concerning whether this decision should be applied prospectively only. We deem those issues irrelevant and therefore do not consider them.

## CONCLUSION

¶ 21 Under the facts of this case, the Arizona limitations period applies to an Arizona defendant sued in Arizona by a California plaintiff for damages resulting from tortious conduct in Tennessee. The court of appeals' opinion is vacated, the trial judge's denial of summary judgment on the statute of limitations issue is approved, and the mat-

ter is remanded to the trial court for further proceedings consistent with this opinion.

ZLAKET, C.J., JONES, V.C.J., and MARTONE and McGREGOR, JJ., concur.