**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DERWIN SIMS, Sr.; DAVID L.
WEBBER,

        Plaintiffs - Appellants,

 v.

JOHN P. HAUSER; ADA HAUSER,

        Defendants - Appellees.

No. 09-15484

D.C. No. 2:07-cv-02517-GMS

MEMORANDUM [*]

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Argued and Submitted March 11, 2010
San Francisco, California

Before: REINHARDT and BYBEE, Circuit Judges, and GWIN, [**] District Judge.

    Appellants Sims and Webber appeal the district court's grant of summary

judgment to the Hausers. We affirm. On December 12, 2007, Appellants brought

suit in the United States District Court for the District of Arizona to enforce their

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable James S. Gwin, United States District Judge for the
Northern District of Ohio, sitting by designation.

Arkansas judgments rendered in May and July 2003 against the Hausers. Arizona has a four-year statute of limitations to enforce a judgment rendered outside the state. *See* ARIZ. REV. STAT. ANN. § 12-544.

Appellants argue that Arizona Revised Statute § 12-501 tolled the statute of limitations until the Hausers moved to Arizona in 2004. Section 12-501 tolls the statute of limitations during the time of a person's absence "[w]hen a person against whom there is a cause of action is without the state" and subsequently "return[s] to the state." ARIZ. REV. STAT. ANN. § 12-501. Appellants' interpretation of § 12-501 fails to account for Arizona Revised Statute § 12-507, which provides that if a person moves to the state, the four-year statute of limitations will not apply to bar a claim until the person "has resided in [Arizona] one year, unless barred at the time of his removal to this state by the laws of the state or country from which he migrated." In *Bailey v. Superior Court*, 694 P.2d 324 (Ariz. Ct. App. 1985), the court rejected the argument that the four-year statute of limitations is tolled under § 12-501 until a defendant moves to Arizona. *Id* at 328. Rather, the court determined that when a defendant moves to Arizona, "§ 12-507 is the applicable tolling statute." *Id*; *see also Monroe v. Wood*, 724 P.2d 30, 32 (Ariz. 1986) ("[Section 12-507] is designed to accommodate situations wherein a non-resident moves to Arizona."). Appellants' argument that their case should be

2

distinguished from *Bailey* is not persuasive. Appellants' judgments against the Hausers became enforceable in May and July 2003, and under the Arizona statute of limitations, Appellants could enforce the judgments in Arizona until May and July 2007, respectively. Appellants brought suit several months after the statute of limitations had run, at which time the Hausers had been in Arizona for more than one year. Thus, the suit was barred by § 12-507.

Appellants' argument that the Arizona statute of limitations violates the Equal Protection Clause of the United States Constitution is also without merit.

AFFIRMED.