OPINION AND ORDER

I. FACTUAL AND PROCEDURAL BACKGROUND
This Court has previously set forth the facts of this case in Hopi Indian Credit Association v. Thomas, AP-001-84, (hereinafter Hopi Indian Credit Association I) and will do so again only briefly here. This case originally involved a secured chattel mortgage executed on the Hopi Reservation on April 25, 1969 by the Hopi Indian Credit Association, an association organized according to the laws of the Hopi Tribe, to Lee S. Thomas and Mary Inez Thomas, both Hopi citizens, in the amount of $9600.00. Clerk’s Transcript (“CT”) 5. Mr. and Ms. Thomas defaulted on the loan in 1974 leaving an unpaid loan balance of $2900.17. CT 1. Nearly ten *355 years after the default, Hopi Indian Credit Association sued Mr. Thomas and Ms. Thomas in tribal court to recover the amount owed on the contract. On July 7, 1984, the trial court granted summary judgment in favor of Mr. and Ms. Thomas based on its determination that the claim was barred by the six-year federal statute of limitations.
On July 30, 1984, Hopi Indian Credit Association noticed an appeal to this Court on the ground that the trial court erred by applying federal law before Hopi custom and tradition. This Court held that Resolution H-12-76 required the trial court to consider Hopi custom, tradition and culture before it applied foreign law and remanded the case to the trial court for further consideration. Hopi Indian Credit Association / at 3.
On remand, Mr. and Mrs. Thomas once again moved for summary judgment based on the statute of limitations. They argued that an analysis of Hopi custom was not necessary because the mortgage contained a choice of law clause expressly selecting foreign law. The trial court found that the parties’ contractual choice of foreign law required the application of a foreign statute of limitations and therefore rendered an inquiry into Hopi custom unnecessary. Interpreting the contract, it found the action was barred by Arizona’s six-year statute of limitations and granted summary judgment in favor of Mr. and Ms. Thomas. Hopi Indian Credit Association appeals from this final judgment.
II. SYNOPSIS
Hopi statutes of limitations, if any, govern any contractual claim brought in tribal court notwithstanding a choice of law by the parties. Upon noticed motion by either party or upon the court’s own motion, the trial court shall hold a hearing in order to determine the existence and relevancy of any Hopi custom, tradition, or culture as a matter of law. In making its findings, the court may consider any relevant evidence. The parties may present evidence at summary judgment, at a separate pre-trial hearing, or at trial.
III. DISCUSSION

A. The Parties Choice of Law

We begin our analysis with the observation that while, as a general matter, parties are free to choose foreign law to govern their contracts, this freedom is not without limit. When a claim is brought based on such a contract, most courts will look to the foreign law selected by the parties with respect to the substantive law, provided that there is a reasonable basis for the selection and that it does not violate a fundamental public policy of the forum.
However, limitations laws have traditionally been held to affect only the remedy and not the substantive right. Therefore, a majority of courts, including this one, hold that a claim is governed by the statute of limitations of the forum in which it is brought notwithstanding a contrary choice by the parties. See 78 A.L.R.3d 639; Ross v. Ross, 96 Ariz. 249, 393 P.2d 933 (1964) (Arizona courts will apply the Arizona statute of limitations in a contracts case.)
In Ross, the plaintiff brought an action in Arizona court based on promissory notes executed in Iowa and California. The court refused to apply either foreign statutes of limitations, holding that Arizona followed the majority approach to resolving conflicts between statutes of limitations arising from a contract that “[m]at-ters respecting the remedy, such as the bringing of suits, admissibility of evidence, statutes of limitations, depend upon the *356 law of the place where the suit is brought.” Id. at 251-252, 393 P.2d 933.
A statute of limitation is a declaration of public policy intended to promote judicial economy and to protect citizens from state claims. See e.g. Brandi,er v. Manuel Trevizo Hay Co., 154 Ariz. 96, 99, 740 P.2d 958 (1987). Therefore, a jurisdiction has a strong interest in applying its own statute to claims brought in its courts. This rationale is even more compelling where, as here, the contract involves overwhelmingly local contacts. The plaintiff in this case is a Hopi association organized according to Hopi law, the defendants are Hopi citizens, and the contract was executed at Hopi.
We hold that this jurisdiction follows the majority rule that a contractual choice of law provision does not apply to the statute of limitations and that an action on a contract brought in the Hopi jurisdiction is governed by the Hopi statute of limitations, if any. Accordingly, we hold that the trial court erred in applying a foreign statute of limitations rather than the applicable Hopi limitations period.

B. Proof of Hopi Custom, Tradition, and Culture

In determining what, if any, limitations period applies under Hopi law, the trial court is instructed to follow the procedure required by H-12-76 section 2(a) which provides that:
The courts of the Hopi Tribe, in deciding matters of both substance and procedure, in case otherwise properly before the Courts of the Hopi Tribe, shall look to and give weight as precedent to, the following:
(1) The Hopi Constitution and Bylaws;
(2) Ordinances of the Hopi Tribal Council;
(3) Resolutions of the Hopi Tribal Council;
(4) Customs, traditions and culture of the Hopi Tribe;
(5) Law, rules, and regulations of the Federal Government and cases interpreting such. Such laws, rules and regulations may, in circumstances dictated by the Supremacy Clause of the U.S. Constitution, be required to take a higher order or precedence.
(6) The laws and rules, and cases interpreting such laws and rules, of the State of Arizona. This provision shall not be deemed to be an adoption of such laws or rules as the law of the Hopi Tribe nor as a grant or cession of any right, power or authority by the Hopi Tribe to the State of Arizona.
(7) The Common Law.
In Hopi Tribe v. Mahkeiva, we held that the first four authorities in this list are mandatory and the last three are persuasive. Under H-12-76, the trial court should first determine as a matter of law whether any mandatory authority exists relevant to the statute of limitations issue. If the trial court finds that there is no relevant Hopi Constitutional provision, ordinance or resolution, it must consider whether there is a relevant Hopi custom or tradition. Hopi Indian Credit Association I at 4 (“the customs, traditions and culture of the Hopi Tribe must take precedence in the court’s decision of what law to apply before a court reaches the use of any foreign law, including federal or Arizona state law....”)
In Hopi Indian Credit Association I, we observed that “Hopi customs, traditions and culture are often unwritten, and this fact can make them more difficult to define or apply.” Id. at 4. In this respect, the use of Hopi custom, tradition, and *357 culture presents problems of notice and proof similar to those raised where a party asserts a claim based on foreign law. Traditionally, a party that wishes to apply foreign law must plead and prove its existence and substance. Similarly, this Court has held that where a party intends to raise an issue of unwritten custom, tradition or culture, it must plead and present clear proof of the existence and relevance of the custom, tradition or culture. Hopi Indian Credit Association l at 5-6.
We find the federal rule governing the application of foreign law to be instructive. Federal Rule of Civil Procedure 44.1 provides that the courts may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the rules of evidence. Thus, federal courts have considered as relevant evidence local custom (Mila v. District Director of Denver, Colorado Dist. Of Immigration & Naturalization Service, 494 F.Supp. 998 (D.C.Utah, 1980), rov’d on other grounds 678 F.2d 123), expert testimony (Vishipeo Line v. Chase Manhattan Dank, N.A, 660 F.2d 854 (C.A.N.Y., 1981), cert. den. 459 U.S. 976, 103 S.Ct. 313, 74 L.Ed.2d 291.), affidavits by practitioners of the foreign law (Fleischmann Distilling Corp. v. Distillers Co., 395 F.Supp. 221 (S.D.N.Y., 1975)), scholarly articles (Mes-singer v. United Canso Oil & Gas, Ltd., 486 F.Supp. 788 (D.Conn., 1980)), affidavits by law professors (Zorgias v. SS Hellenic Star, 370 F.Supp. 591 (E.D.La.1972), affd 487 F.2d 519), and briefing by the attorneys (Swiss Credit Bank v. Balink, 614 F.2d 1269 (C.A.N.M., 1980)). Because the issue of foreign law is determined by the court as a question of law, the federal courts will consider it on a motion for summary judgment (See Second Circuit-Bassis v. Universal Line, S.A., 436 F.2d 64 (N.Y., 1970)), at a pretrial hearing (Re Bethlehem Steel Corp., 435 F.Supp 944 (N.D.Ohio, 1976)), or at trial (Ali v. Playgirl, hie., 447 F.Supp. 723 (S.D.N.Y., 1978)).
Accordingly, we hold that when a relevant Hopi custom, tradition, or culture is asserted, its existence and substance must be proved with clear evidence and decided by the court as a matter of law. Therefore, on either the trial court’s own motion or on the noticed motion of a party, the eourt shall hold a hearing at which the parties may present any relevant testimony or evidence.
IV. ORDER OF THE COURT
This case is REMANDED to the trial court with instructions to hold a pre-trial hearing in order to determine whether there is any Hopi custom, tradition, or culture revenant to the statute of limitations consistent with this Opinion and H-12-76.